**Marcelo G. PEREZ, Appellant,**

v.

**Maria B. PEREZ, Appellee.**

**No. 4715.**

Court of Civil Appeals of Texas.

Waco.

April 11, 1968.

Hester & Toscano, Harlingen, for appellant.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellee.

WILSON, Justice.

This proceeding is a bill of review in a non-jury divorce case which had been tried on its merits, and it is an appeal from an order that "petitioner's motion for bill of review" be denied.

The matter does not fit any familiar pattern, and it is necessary to outline the steps as they appear to have developed.

The transcript contains a 1966 petition of Maria Perez against Marcelo Perez for divorce, alleging they entered into a "contractual marital relationship" in 1950, and they "continued to live as husband and wife" until her separation in 1963. Attorneys' fees and division of community property were prayed for. Defendant answered and filed an inventory.

There follows in the transcript Maria's motion for judgment filed December 7, 1966, and a judgment of the same date reciting that the cause was tried November 17, 1966, and that the court was of the opinion a common law marriage between the parties was established in 1950. The decree ordered this marriage dissolved, divided the property and awarded attorneys' fees.

Marcelo Perez filed a bill of review May 19, 1967 as a separate action under another number in the same court. It alleged that after the divorce case was tried the court announced the case would be taken under advisement and judgment would be withheld pending submission of briefs; that briefs were submitted by December 7, 1966, the date on which judgment was rendered; that petitioner did not learn of the rendition of the divorce decree until January 20, 1967; that had he known of the decree he would have filed a motion for new trial or appealed; that he had not failed in diligence. He alleged he had a meritorious defense.

Marcelo does not contend this "meritorious defense" was different from that interposed in the divorce trial. He says he is not required to submit a new or different defense; that he is not relying on new or different evidence, because he is not asking relief by reason of any fault of appellee; but because, "although not misinformed, he was lulled into complacency by the court's inaction in failing to inform appellant's attorneys" that a judgment had been entered in the divorce case.

■■ The decisions cited by the parties are those involving applications for equitable relief from default judgments. This appears to be the only bill-of-review type of case thus far decided under Rules 329 and 329b(5), Texas Rules of Civil Procedure, and the usual requirements concerning a showing of a meritorious defense in such cases is not applicable here. The case had already been fully developed in a trial on the merits. A bill of review, however, is available in other than default

judgment cases. 49 C.J.S. Judgments §§ 346, 341–376; and we think it is available in a case such as this. The purpose of a bill of review is "to prevent manifest injustice". Hanks v. Rosser, (Tex.Sup.1964) 378 S.W.2d 31, 33.

 Here, (although the parties do not seem to so characterize it, and although they debate other matters) the initial question simply is whether the trial court's asserted "inaction in failing to inform appellant's attorneys that judgment had been entered" may constitute an equitable ground for vacating the judgment. We hold it does not.

The bill of review does not allege the court did anything to mislead appellant, or that any statement or conduct of the court prevented his knowledge of rendition of the judgment. It is alleged merely that "he had no knowledge of said judgment" until after it was rendered. It is alleged that a request by appellee for time to file a reply brief implied it would not be filed until December 13, 1966, but this suggestion loses all force under the further averment that appellant "had no knowledge of entry of said judgment until approximately the 20th day of January, 1967".

In his appellate brief, for the first time, appellant suggests the court "inadvertently misled" him to believe no judgment would be entered until the trial brief had been filed. This he explains by argument that "he was lulled into a sense of complacency" by the court's failure to inform him of rendition of judgment.

There is no rule or statute in Texas requiring notice to be given of rendition of judgment when a case is taken under advisement. Enactment of such a requirement may be considered salutary, and this case may well be thought to illustrate its need, but it is not our province to engraft the requirement.

 "Notice of rendition of judgment is unnecessary except where required by statute" or rule of court. 49 C.J.S. Judgments § 102, p. 225; id., § 112, p. 236; Free-man, Judgments (5th ed.) p. 2565. See Lawrence v. Cananea Consol. Copper Co., Tex.Civ.App., 237 S.W. 959, 962, writ dism.; Davis v. Cox, Tex.Civ.App., 4 S.W.2d 1008, 1012, writ dism.

In this case there is nothing in the record to suggest the court said or did anything which justified reliance by appellant on the giving of notice of rendition of the judgment, or which misled appellant, inadvertently or otherwise. Appellant says he was "not misinformed."

The language of Justice Greenhill for the Supreme Court in Hanks v. Rosser, (Tex.Sup.1964) 378 S.W.2d 31, 33 is important here:

"But while manifest injustice to the defaulting party is a material consideration, another is the necessity for there being finality to judgments."

The judgment is affirmed.