**PETRO–CHEMICAL TRANSPORT, INC.,
Petitioner,**

v.

**Lance CARROLL et al., Respondents.**

**No. B–4433.**

Supreme Court of Texas.

Sept. 24, 1974.

Rehearing Denied Oct. 30, 1974.

Fly, Moeller & Stevenson, W. S. Fly, Victoria, for petitioner.

Earnest L. Sample, Beaumont, for respondents.

WALKER, Justice.

This is a proceeding in the nature of a bill of review. The parties will be referred to as they were designated in the original litigation. Lance Carroll, plaintiff, there sought a money judgment against Petro-Chemical Transport, Inc., defendant, and another corporation that is no longer involved in the case. All parties appeared and participated in the trial before a jury, which returned its verdict on November 22, 1971. Plaintiff then filed a motion for judgment on the verdict, and defendant filed a motion for judgment non obstante veredicto.

Arguments on the opposing motions were heard by the trial judge on March 27, 1972. On May 4, 1972, the judge notified counsel for both parties by letter:

"Plaintiff's motion for judgment in the above named and numbered cause is granted, and Defendant's motion for judgment is denied."

On the following day, counsel for plaintiff sent the judge a "form of judgment" for entry, and copies of his letter and the enclosure went to opposing counsel. The judgment was signed by the trial judge on May 9 and awarded plaintiff a recovery of $25,000.00 plus interest and costs. On May 12 counsel for defendant wrote a letter to the judge, sending copies to opposing counsel, objecting to some of the provisions of the "proposed judgment." At that time the judge did not recall having signed the judgment and he made no reply to the letter. On May 26 counsel for defendant talked with the judge by telephone, and upon inquiry was advised that his letter of May 12 had been received. The judge further advised that counsel for defendant would have an opportunity to argue his objections when the judgment was presented for signing.

Notice of the signing of the judgment was not mailed by the clerk as required by Rule 306d.[1] The judgment signed by the judge did not recite notice of appeal, and May 19 was the last day for filing notice of appeal and the last day for filing a motion for new trial. Rules 329b and 353, T. R.C.P. Neither defendant nor its counsel learned that the judgment had been signed until July 20, when the sheriff attempted to levy execution on the judgment. This bill of review proceeding was filed on July 26, and the execution was stayed by temporary injunction pending a disposition of the case on the merits.

After a trial before a jury, which returned an incomplete verdict, the trial court rendered judgment which, after reciting that defendant's petition for a bill of review was granted, set aside the judgment of May 9 and again awarded plaintiff a recovery of $25,000.00 plus interest and costs. Both parties appealed to the Court of Civil Appeals, plaintiff attacking the granting of the bill of review and defendant attacking the judgment in plaintiff's favor on the claim asserted in the original suit. The

---

1. Except as otherwise indicated, the rules cited in this opinion are Texas Rules of Civil Procedure.

Court of Civil Appeals concluded that defendant had not established its right to a bill of review. The judgment of the trial court in the bill of review proceeding was accordingly reversed and judgment was rendered that defendant take nothing. Since defendant was precluded from making an appellate attack on the judgment of May 9, its attempted appeal was dismissed. 502 S.W.2d 871.

We are concerned here only with the bill of review proceeding. The case was submitted on special issues, and the jury: (1) found that the entering of the judgment on May 9 was without negligence on the part of defendant, that defendant was prevented from appealing because of accident or mistake, that defendant's failure to file a motion for new trial was not intentional or due to conscious indifference, that defendant's counsel had some excuse, however slight and without necessarily being a good excuse, for not perfecting an appeal from the judgment of May 9, and that defendant's counsel did not intend to waive the filing of a motion for new trial or an appeal; (2) refused to find that the judgment of May 9 was entered as the result of accident or mistake; and (3) was unable to agree on the answers to issues inquiring whether the prevention of defendant from appealing was without negligence on its part and whether its failure to timely file a motion for new trial or notice of appeal was due to negligence of its counsel in various respects. In granting the bill of review on the basis of this verdict, the trial court sustained the defendant's contention, later urged on appeal, that defendant was not required to negate negligence under the facts of the present case.

Defendant bases its right to a bill of review on the failure of opposing counsel to notify it of the entry of judgment and the clerk's failure to send the notice required by Rule 306d. The Court of Civil Appeals recognized that a party who is deprived of his right of appeal from a judgment rendered after a trial on the merits may be entitled to a bill of review under certain circumstances. It nevertheless reversed the judgment of the trial court and rendered judgment that defendant take nothing because it concluded:

(1) That defendant, to show itself entitled to a bill of review, had the burden of establishing: (a) that defendant was prevented from appealing from the judgment because of *either*: (i) fraud, accident or wrongful act of the opposite party, *or* (ii) erroneous information given by an officer of the court acting in his official capacity in discharge of a duty imposed by law; and (b) that the failure to appeal was unmixed with any fault or negligence on defendant's part;

(2) That opposing counsel was under no duty to notify defendant of the entry of judgment;

(3) That the failure of the clerk to send the notice required by Rule 306d was an error of omission rather than commission and hence could not be the predicate for a bill of review; and

(4) That the trial court should have sustained plaintiff's motion for judgment in the bill of review proceeding since defendant failed to establish, by affirmative findings of the jury, that the failure to timely file a motion for new trial or perfect an appeal was not due to neglect of its counsel.

In the usual bill of review case, the applicant seeks to set aside a default judgment rendered against him in order that he may have an opportunity to show that he has a meritorious defense to the cause of action alleged by the successful plaintiff. As a general and almost invariable rule in such cases, the moving party must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Gracey v. West, Tex.Sup., 422 S.W.2d 913; Alexander v. Hagedorn, 148

Tex. 565, 226 S.W.2d 996; Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111 (wr. ref.). This rule is entirely sound as applied to a defendant who suffered a default judgment after proper personal service of citation, but it does not govern the disposition of all bill of review cases.

In another case where a party was deprived of an opportunity to appeal, we said that the signing and approving of the judgment at the private residence of the judge without the knowledge of the applicant or his counsel, was irregular and constituted such error as to warrant equitable relief in a bill of review proceeding. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705. A defendant who is deprived of an opportunity to file a timely motion for new trial after default judgment by erroneous information furnished by an officer of the court in the performance of his official duties may be entitled to a bill of review when his failure to answer was not intentional or the result of conscious indifference even though such failure was negligent. Hanks v. Rosser, Tex.Sup., 378 S.W.2d 31. A ministerial judgment rendered by the county judge on an award of the commissioners in a condemnation proceeding may, in a direct action in the nature of a bill of review, be reformed for mutual mistake. Rose v. State, Tex.Sup., 497 S.W.2d 444.

As pointed out by the Court of Civil Appeals, the bill of review in *Hanks* was based on the affirmative act of the clerk in giving erroneous information in the performance of his official duties. Here the clerk simply failed to send the postcard notice required by Rule 306d, but in our opinion the difference is not material. In Perez v. Perez, Tex.Civ.App., 427 S.W.2d 703 (no writ), the defendant in a divorce case sought a bill of review following judgment rendered after a trial on the merits. He contended that his right to file a motion for new trial or appeal was lost because of the trial court's failure to inform his attorneys that the judgment had been signed. It was held that relief could not be granted on that ground since:

> There is no rule or statute in Texas requiring notice to be given of rendition of judgment when a case is taken under advisement. Enactment of such a requirement may be considered salutary, and this case may well be thought to illustrate its need, but it is not our province to engraft the requirement.

Rule 306d was adopted shortly after *Perez* was decided. It provides:

> Immediately upon the signing of any final judgment or other appealable order, the clerk of the court shall mail a postcard notice thereof to each party to the suit as provided in Rule 21a. Failure to comply with the provisions of this rule shall not affect the finality of the judgment or order.

■■ The obvious purpose of this rule is to insure that, insofar as practicable, parties adversely affected by a final judgment or other appealable order have an opportunity to attack the same by motion for new trial or appeal. That purpose will be defeated in some instances by incorrect addresses, errors of the postal service, and failure of the addressee for any reason to receive a notice delivered to the proper address. It will be unnecessarily thwarted if there can be no relief when the clerk, either intentionally or through oversight, fails to send the notice promptly as required by the rule.

Clerks of the Federal district courts are also required to serve notice "immediately upon the entry of an order or judgment" upon each party who is not in default for failure to appear, but the rule expressly provides that lack of notice by the clerk does not affect the time of appeal or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 77, Fed.Rules Civ.Proc. By the

terms of another rule, bills of review and bills in the nature of a bill of review are abolished, but the court is authorized, on motion made within a reasonable time and not more than one year after entry of judgment, to relieve a party from a final judgment for mistake, inadvertence, surprise or excusable neglect, and on certain other specified grounds. The court is further authorized to act after the expiration of one year where there is "any other reason justifying relief from the operation of the judgment." Rule 60, Fed.Rules Civ. Proc. It has been held that relief may be granted under the last mentioned provision where the clerk failed to serve notice of the entry of a judgment. Radack v. Norwegian America Line Agency, Inc., 2nd Cir., 318 F.2d 538.

Aside from Rule 165a, which is not applicable here, there are no similar provisions in our rules. Rule 306d simply provides that the clerk's failure to comply with its provisions shall not affect the finality of the judgment. By the express terms of Rule 329b, however, a final judgment may be set aside "by bill of review for sufficient cause, filed within the time allowed by law." The finality of judgments is an important consideration, but in our opinion a court of equity should not be utterly without power to grant relief where the right to attack an unjust judgment has been lost through the failure of the clerk to perform the mandatory duty imposed by Rule 306d. "The loss of the right to appeal or move for a new trial without fault of the complaining party, through the neglect or act of the reporter, clerk or the judge himself, may under proper circumstances constitute such accident or unavoidable casualty as to warrant relief to prevent injustice. 3 Freeman, Law of Judgments, 5th ed. 1925, § 1247, p. 2601. We hold that where the other conditions discussed below are met, a bill of review may be predicated on the clerk's failure to send the notice required by Rule 306d. See Kelly Moore Paint Co. v. Northeast National Bank, Tex.Civ.App., 426 S.W.2d 591 (no writ).

The Court of Civil Appeals concluded that in a case where there has been full participation in a trial on the merits, it is not necessary for the moving party to show a meritorious defense in the bill of review proceeding. This view was also expressed in Perez v. Perez, Tex.Civ.App., 427 S.W.2d 703 (no writ). That is contrary, however, to our holding in Overton v. Blum, 50 Tex. 417, where the Court reasoned:

It is not pretended that appellant was in any way hindered or obstructed in making his defense to the original action in the District Court. It is insisted merely that he did not get the benefit of his appeal to this court, and could not have done so with any hope of success without a statement of facts, approved by the judge. But, we ask, why should a court of equity interfere and grant relief unless there was merit in his appeal? Surely no one would claim relief because by accident or mistake he has lost the opportunity of appealing from the judgment of the District Court, if it appeared that his appeal was taken merely for delay; and if not, as it must be conceded, it is incumbent upon the party applying to a court of equity for relief to show equity. Appellant, when he appealed to equity for relief, because, as he says, he has lost the benefit of his appeal for want of a statement of facts, should show, *prima facie* at least, a meritorious ground of appeal; and that had the statement of facts been filed, so that he could have presented his appeal to this court as he designed, the judgment might, and probably would, have been reversed.

The Court in *Overton* then examined the statement of facts prepared by the appellant and concluded that the judgment in the original suit would have been affirmed even if the appellant had been able to obtain a statement of facts. It affirmed the action of the trial court in dismissing the bill, since appellant had failed to show "that he has suffered any such injury

. . . as would warrant a court of equity to enjoin or set aside the previous judgment." We adhere to the rule laid down in *Overton* for two reasons. In the first place, final judgments should not be disturbed unless there is good reason for doing so. And secondly, a failure to consider the merits of the first judgment in the bill of review proceeding might make two appeals necessary when the petition for a bill of review was denied by the trial court. If this judgment were reversed on appeal, it would then be necessary for the applicant to appeal a second time for the purpose of obtaining a review of the original judgment.

■ The applicant should set out in his petition with some particularity the errors he claims were committed against him in the trial and disposition of the original suit. He should also introduce the transcript, and the statement of facts where needed in the consideration of the alleged errors, in the original suit. If the trial court concludes that the applicant is entitled to relief, it will be in position to enter a proper judgment disposing of the controversy involved in the original suit. If the trial court denies the petition for bill of review, the applicant may appeal from that judgment and the appellate court will be in position to: (1) affirm, or (2) reverse the judgment of the trial court in the bill of review proceeding and either (a) render judgment for the applicant, or (b) direct the trial court to retry the original suit on the merits so as to avoid errors committed during the first trial and then modify the judgment rendered therein accordingly. In either situation the case can ordinarily be disposed of in one appeal.

■ We agree with the Court of Civil Appeals that defendant had the burden of showing that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of defendant or its counsel. See McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706. As pointed out in Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983:

No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking relief or his counsel.

■ As we understand its opinion, the Court of Civil Appeals also held that counsel for defendant was guilty of negligence as a matter of law. We do not agree. On May 12 counsel wrote the trial judge his objections to the form of judgment that had been submitted by plaintiff's counsel. This was well within the period for filing a motion for new trial, and no reply to the letter was made by either the judge or plaintiff's counsel. On May 26, which was only seven days after expiration of the period for filing a motion for new trial, counsel for defendant telephoned the trial judge and was assured that he would have an opportunity to present his objections to the judgment when it was presented to the judge. In these circumstances we are unable to say as a matter of law that defendant's loss of the right to file a motion for new trial or appeal was due to the negligence of its counsel.

■ Several issues concerning negligence or absence of negligence on the part of defendant and its counsel were submitted in this case. The burden of proof was misplaced in some, and the jury was unable to answer any of them. This did not afford a basis, however, for rendering judgment in plaintiff's favor. The trial court should have granted a mistrial in the bill of review proceeding, and the Court of Civil Appeals should have remanded that proceeding to the district court for a new trial.

The judgment of the Court of Civil Appeals is accordingly modified to order the bill of review proceeding remanded to the district court for a new trial, and as so modified it is affirmed.