**REMINGTON INVESTMENTS, INC., Appellant,**

v.

**F.D. CONNELL, Appellee.**

No. 10–97–273–CV.

Court of Appeals of Texas, Waco.

June 10, 1998.

Charles J. Young, Richey & Young, P.C., Austin, for appellant.

Holloway Martin, Martin & Thomas, Mexia, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Remington Investments, Inc. appeals from a dismissal of a petition for bill of review. As the plaintiff in the original lawsuit, Remington sought to recover on a note executed by the defendant, F.D. Connell. Both parties appeared and participated in a bench trial, and the trial court entered a take-nothing judgment in favor of Connell on August 14, 1996. Desiring to appeal the adverse judgment, Remington prepared its request for findings of fact and conclusions of law, which, when timely filed, extends the time for filing a notice of appeal by 90 days. *See* TEX.R.APP. P. 26.1(a). According to Remington, its request was mailed on August 30, 1996, several days before the September 3 due date. *See* TEX.R. CIV. P. 296 (request "shall be filed within twenty days after judgment is signed...."). However, Remington's request was not filed with the trial court until September 16.

Remington appealed to this court on October 15, but because the appellate timetable had not been properly extended and the appeal not timely perfected, we dismissed Remington's appeal for want of jurisdiction. *Remington Invs., Inc. v. F.D. Connell,* No.

10–96–234–CV (Tex.App.—Waco Nov. 13, 1996, no writ) (not designated for publication). In an attempt to have the take-nothing judgment in its case against Connell set aside by the trial court, Remington filed an original petition for bill of review with that court on March 10, 1997. *See* TEX.R. CIV. P. 329b(f); TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997). The trial court dismissed Remington's petition, and Remington appeals.

■ "A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). The Rules of Civil Procedure allow the trial court, which entered the first judgment, to set that judgment aside even after the court's plenary power has expired if the party desiring to have the judgment set aside can demonstrate sufficient cause for doing so. TEX.R. CIV. P. 329b(f).

■ "In the usual bill of review case, the applicant seeks to set aside a default judgment rendered against him in order that he may have an opportunity to show that he has a meritorious defense to the cause of action alleged by the successful plaintiff." *Petro–Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.1974). Ordinarily, the party seeking to have the trial court's judgment set aside by a bill of review must allege and prove: (1) a meritorious defense to the alleged cause of action, (2) which the party was prevented from asserting by the fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn*, 148 Tex. 565, 568–69, 226 S.W.2d 996, 998 (1950). However, the requirements set forth in*Hagedorn* are not appropriate to all bill of review proceedings. Cases which do not involve any wrongdoing on the part of the opposing party but instead involve either the misfeasance or nonfeasance of a court official do not fit within the parameters of the *Hage-*

dorn factors. Consequently, the Supreme Court has expanded the circumstances in which a trial court's judgment can be set aside via a bill of review. The court enlarged the requirements so that a bill of review petitioner can allege and prove: (1) a meritorious defense to the alleged cause of action, (2) which the party was prevented from asserting by the fraud, accident, or wrongful act of the opposing party *or by official mistake by a court officer*, (3) unmixed with any fault or negligence of his own. *See Baker*, 582 S.W.2d at 406–07; *Hanks v. Rosser*, 378 S.W.2d 31, 34–35 (Tex.1964); *see also Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex.1987).

■ Unfortunately, the case before us is not the "usual bill of review case" where the bill of review petitioner is seeking to have a default judgment set aside. Instead, Remington, as the petitioner, is attempting to have a judgment set aside which was rendered after a trial on the merits before the trial court. Although it has not often been presented with such a situation, the Supreme Court has held that a different set of requirements must be satisfied before a judgment rendered after a trial will be set aside. *Petro–Chemical Transp.*, 514 S.W.2d at 244–46; *see McDaniel v. Hale*, 893 S.W.2d 652, 660, 663 (Tex.App.—Amarillo 1994, writ denied.) (on rehearing) (plurality opinion). Under the factors set out in *Petro–Chemical*, the bill of review petitioner must allege and prove:

(1) a failure to file a motion for new trial or a failure to advance an appeal,

(2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake,

(3) unmixed with any fault or negligence of the petitioner.

514 S.W.2d at 244–46. Additionally, the petitioner must allege prima facie proof of a meritorious ground of appeal.[1] *Id.* at 245.

■ In its petition for bill of review and on appeal, Remington alleges that the failure to have its request for findings of fact and

---

1. A meritorious ground of appeal is one which, had it been presented to the appellate court as designed, might, and probably would have resulted in the judgment's reversal. *Petro–Chemical*

*Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex.1974) (quoting *Overton v. Blum*, 50 Tex. 417, 425 (1878)).

conclusions of law timely filed with the trial court so as to properly extend the appellate timetable was not the result of its negligence, but was the result of an official mistake by the United States Postal Service. Remington alleges that its request was mailed to the trial court clerk several days before the September 3, 1996 due date. Furthermore, according to Remington, a copy of the request was mailed via certified mail, return receipt requested, to opposing counsel on the same day and that the returned receipt indicates opposing counsel received the copy on September 5. Remington contends that the United States Postal Service is responsible for its request not being filed until September 16, thirteen days too late to extend the appellate timetable, and that because the late-filing was a result of an "official mistake" and not due to any negligence on Remington's part, the bill of review should be granted and the prior judgment set aside. Because we refuse to extend the definition of "official mistake" to include actions of postal employees, we cannot agree with Remington's contention.

The Supreme Court has had several occasions to discuss what constitutes "official mistake" for the purpose of reviewing a bill of review. In *Petro–Chemical*, the only case involving a bill of review proceeding after a trial on the merits, the court held that the trial court clerk's failure to send the required notice of the signing of the judgment was an official mistake. 514 S.W.2d at 245. In a default judgment context, the court has held that an official mistake includes erroneous information given by a court official, *Hanks*, 378 S.W.2d at 35, and a court official's failure to perform required duties. *Baker*, 582 S.W.2d at 407. In all of these cases, the official mistake was held to be some action or inaction of a court official or employee. The court has been presented with a case in which the bill of review petitioners asserted that the prior judgment should be set aside

due to the fraudulent conduct of their own attorney. *Transworld Fin. Servs. Corp.*, 722 S.W.2d at 407–08. The court, however, refused to extend the definition of an official mistake to include the actions of the attorney for the bill of review petitioner. *Id.*

We likewise refuse to extend the definition of official mistake. A postal employee is even less an "officer of the court" than an attorney for either of the litigants. *See id.* Therefore, because Remington did not allege and prove that the failure to timely file its request for findings of fact and conclusions of law was the result of an official mistake, we conclude that Remington has failed to satisfy the requirements for having its bill of review granted and the prior judgment set aside.[2]

■ Because we have determined the trial court did not err in dismissing Remington's petition for bill of review, we need not address Remington's contention that there was prima facie proof before the trial court of a meritorious ground of appeal.[3] Furthermore, we need not address Remington's two allegations that the trial court erred in entering a take-nothing judgment against Remington in the suit on the note. The present appeal is from the trial court's dismissal of Remington's petition for bill of review; consequently, a direct attack on the take-nothing judgment which Remington attempted to have set aside via a bill of review is not proper.

All of the issues presented by Remington for our review are overruled, and the trial court's judgment is affirmed.

---

2. We are not unsympathetic to Remington's position given the current level of performance of the United States Postal Service. Nevertheless, as long as Rule 5 of the Rules of Civil Procedure allows only ten days to be added to the filing deadline, we feel that we have no choice but to follow the rule. *See* Tex.R. Civ. P. 5.

3. In actuality, Remington's contention was that there was prima facie evidence before the trial court that Remington had a "meritorious defense" to the adverse judgment entered against it; however, as we have pointed out, in the context of this case, Remington was required to allege prima facie proof of a meritorious ground of appeal.