# NO. 12-10-00384-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | § | *APPEAL FROM THE* |
| *MARRIAGE OF CAROL* | § | *COUNTY COURT AT LAW #1* |
| *DIXON AND STEVEN DIXON* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an appeal from a denial of bill of review. Appellant, Carol Dixon Kirtley, claims she received no notice of an appealable order entered in this case until the time for ordinary appeal had expired. In her sole issue, she contends that the trial court erred in denying her petition for bill of review. We affirm.

## BACKGROUND

Carol and Steven (Steve) Dixon divorced in 1988. The divorce decree, filed August 17, 1988, assigned and granted to Carol Dixon a percentage of Steve Dixon's retirement benefits accrued at the date of divorce and specified a formula for their calculation.

The decree recited that it shall be "a qualified domestic relations order" pursuant to Section 414(p) of the Internal Revenue Code. However, the decree apparently was not accepted as "a qualified domestic relations order" by the retirement plan administrator. In 2006, Carol, without notice to Steve and without a hearing, obtained the trial judge's signature on a qualified domestic relations order (QDRO) and submitted a copy to the pension fund. On June 13, 2006, the fund sent notice to Steve that it would begin withholding $476.19 from his retirement if he did not object. Steve notified the fund on August 1, 2006, that he did object.

Steve filed a "Motion to Modify, Correct, or Reform Domestic Relations Order." The trial court heard the motion on August 13, 2007. Carol appeared pro se. The court found that the QDRO, entered without notice to Steve, improperly awarded Carol benefits that accrued to Steve after the divorce. The court ordered that Carol receive $79.34 monthly from Steve's retirement. The judge signed a QDRO reflecting that ruling on October 16, 2007.

On November 5, 2007, Carol filed a motion for rehearing and plea to the jurisdiction.

The trial court apparently granted rehearing and set the case for trial on February 23, 2008. On that date, the trial court heard all pending motions and reiterated its holding that Carol receive $79.34 monthly from Steve's retirement benefits and that any amount she received in excess of $79.34 be remitted immediately to Steve. The order was signed on April 11, 2008. A file-marked copy was sent to Carol's attorney and to the fund. There was no appeal from this order.

On December 9, 2008, Steve filed a "Motion for Repayment of Wrongfully Paid Retirement Benefits and Motion to Turnover Funds." The court set a show cause hearing for January 6, 2009. Carol appeared in person. On January 7, 2009, the trial judge announced his ruling by letter to Carol and to Steve's attorney that he found in favor of Steve in the amount of $10,318.00 and granted his motion for turnover at the rate of $79.34 per month. Carol hired an attorney who filed a request for rehearing on February 4, 2009. The judge signed orders consistent with his January 7, 2009 ruling on April 1, 2009. There is apparently no proof that Carol or her attorney received a copy of this order.

Over a year later, on May 27, 2010, Carol's attorney filed a motion for rehearing or, in the alternative, a motion to reinstate the prior order. The motion was untimely filed and the time for appeal had expired.

In July 2010, Carol filed a petition for bill of review, which was heard and denied by the trial court on October 13, 2010.

### DENIAL OF BILL OF REVIEW

In her sole issue, Carol contend the trial court erred in denying her petition for bill of review.

**Standard of Review**

An appellate court reviews the granting or denial of a bill of review under an abuse of discretion standard. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.–Corpus Christi 2005, no pet.). When the issue on appeal concerns a question of law, the appellate court reviews the trial court's decision de novo. *Id.*

**Applicable Law**

A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). A bill of review is a direct attack on a judgment. *In re John G. & Marie Stella Kenedy Mem'l Found.*, 159 S.W.3d 133, 141 (Tex. App.–Corpus Christi 2004, orig. proceeding).

Where the parties have participated at trial, and the losing party has been prevented from filing a motion for new trial or perfecting an appeal, the petitioner cannot prevail on a petition for

bill of review unless she satisfies the following requirements set forth in *Petro-Chemical Transport v. Carroll*, 514 S.W.2d 240 (Tex. 1974):

> (1) a failure to file a motion for new trial or a failure to advance an appeal;
>
> (2) caused by the fraud, accident, or wrongful act of the opposing party or by an official mistake;
>
> (3) unmixed with any fault or negligence on the petitioner's part; and
>
> (4) a meritorious ground of appeal.

*Id.* at 244-46; *see also* *McDaniel v. Hale,* 893 S.W.2d 652, 659-63 (Tex. App.–Amarillo 1994, writ denied). The petitioner must allege, with particularity, sworn facts sufficient to constitute a meritorious ground of appeal, and, as a pretrial matter, present prima facie proof to support her contention. *See* *Petro-Chemical Transport*, 514 S.W.2d at 241; *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989).

"[A] prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that [s]he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979). "Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion." *Id.*

A bill of review may be predicated on the failure of the clerk of the court to send notice to each party of the signing of a final judgment or other appealable order as required by Texas Rule of Civil Procedure 306a. *See* *Petro-Chemical Transport*, 514 S.W.2d at 245 (applying former rule 306d imposing same notice requirement). In such a case, however, the bill of review petitioner retains the burden of showing that her failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of the petitioner or her counsel. *Id.* at 246.

Where the petitioner seeks relief by bill of review because she has lost her chance to file a motion for new trial or her chance of appeal, a meritorious defense means a meritorious ground of appeal. *Id.* at 245; *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.–Tyler 2004, no pet.). A meritorious ground of appeal means a claim that would likely be a successful point of error in the court of appeals. *McDaniel*, 893 S.W.2d at 672; *Thompson*, 149 S.W.3d at 164.

**Discussion**

In her sworn petition for bill of review, Carol states as her meritorious ground of appeal

3

the bare bones assertion "that the April 1, 2009 order was based on a previous order that was not supported by any statute or Texas case." Although she attached copies of the divorce decree and various later documents related to the division of Steve's retirement benefits, her petition entirely omits any explanation of why either of the orders in question was unsupported "by any statute or Texas case."

In her brief, Carol explains that if she had been properly notified of the entry of the judgment on April 1, 2009, "she could have filed a motion for new trial and presented a brief to the trial court on issues related to collateral attacks and *res judicata* and perhaps undone several years of litigation." She concedes, however, that the judgment of April 11, 2008, wherein she was represented by counsel, was not appealed.

It is apparent from her argument that the ground for appeal she alleges relates to the April 11, 2008 judgment amending the QDRO that was entered without notice to Steve. Carol complains that the April 11, 2008 order, which fixed her division of Steve's retirement at $79.84 monthly, was barred by res judicata. Although she did not appeal that order, she chose to ignore it until Steve filed his motion to require her to repay the sums she had received from his retirement plan in excess of $79.84 monthly.

The ground for appeal Carol urges relates to the April 11, 2008 order and not the April 1, 2009 order on Steve's "Motion for Repayment of Wrongfully Paid Retirement Benefits," which she seeks to set aside by bill of review. Therefore, she has no meritorious ground to appeal the judgment she attacks.

The trial court did not abuse its discretion in denying Carol's bill of review. Carol's sole issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

＿＿**BILL BASS**＿＿＿
Justice

Opinion delivered May 25, 2011.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals,*
*sitting by assignment.*

(PUBLISH)

4