In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00415-CV**

_____

**JAMES ALLEN PELLOAT, Appellant**

**V.**

**KATHERINE MCKAY BOLENBAUCHER, Appellee**

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-225,282**

**MEMORANDUM OPINION**

James Allen Pelloat appeals the trial court's denial of his bill of review challenging the judgment in his divorce from Katherine McKay Bolenbaucher. We affirm the trial court's judgment denying Pelloat's bill of review.

**Background**

Pelloat and Bolenbaucher married in 1987; Bolenbaucher filed for divorce on June 19, 2009, in trial court case number F-206,437. *See Pelloat v, McKay*, No. 09-

1

11-00643-CV, 2012 WL 5954114, at *1 (Tex. App.—Beaumont Nov. 29, 2012, pet. denied) (mem. op.) (*Pelloat I*). Pelloat participated in a jury trial of the contested issues. The decree was signed on April 25, 2011, but the trial court found Pelloat first obtained actual notice that a decree had been signed on July 11, 2011, when he was notified by the district clerk that a judgment nunc pro tunc had been signed on that date. *Id.* On August 16 and 17, 2011, the trial court signed additional judgments nunc pro tunc. *Id.* Pelloat filed a notice of appeal on November 9, 2011. *Id.* In his appeal, we held that Pelloat timely perfected an appeal only as to the August 16 and 17, 2011 judgments. *Id.* Pelloat presented no challenges unique to the judgments nunc pro tunc. *Id.* We affirmed the trial court's judgment. *Id.* at *2.

In 2015, the trial court signed a qualified domestic relations order (QDRO). *See Pelloat v. McKay*, No. 13-15-00456-CV, 2017 WL 2375762, at *1 (Tex. App.—Corpus Christi June 1, 2017, no pet.) (mem. op.) (*Pelloat II*). Pelloat participated in the hearing. *Id.* at *2. Pelloat's appeal from the QDRO was transferred pursuant to a docket equalization order. *Id.* at *1 n.1. The Corpus Christi Court of Appeals held: (1) the trial court did not abuse its discretion by moving forward with the QDRO hearing despite Pelloat's request to conduct discovery; (2) Pelloat waived his complaint regarding insufficient notice of the subject of the telephone hearing; (3) the trial court did not abuse its discretion by applying the appropriate formula to

2

Pelloat's retirement account; (4) Pelloat could not collaterally attack the property division in the QDRO appeal; (5) Pelloat failed to preserve his complaints concerning actions taken by his ex-wife's attorney with respect to the QDRO. *Id.* at *2-4.

On October 16, 2015, the case that is the subject of this appeal commenced with the filing by Pelloat of a petition for a bill of review in trial cause number F-225,282. In the amended petition that was the live pleading before the trial court when it denied the bill of review, Pelloat alleged that he did not receive a copy of the signed divorce decree until August 24, 2011. Pelloat alleged that he was deprived of his right to appeal by the failure of his ex-wife's counsel to provide a copy of the decree and the trial court clerk's failure to notify him that the judgment had been signed. *See generally* Tex. R. Civ. P. 21a(a), 306a.3. The bill of review petition identified and described errors that occurred in the divorce case.

Pelloat requested a trial date for his bill of review in June 2017. On August 3, 2017, the trial court conducted a hearing on Pelloat's bill of review petition. Pelloat, an inmate, participated in the hearing by telephone, and Bolenbaucher appeared in court through counsel. Pelloat summarized the allegations contained in his unverified petition without producing any documents or formal testimony to support

3

his bill of review. Furthermore, he did not produce a reporter's record of the divorce proceedings for the judge's consideration in the bill of review.

At the conclusion of the hearing, the trial court signed an order denying the bill of review. At Pelloat's request, the trial court made findings of fact and conclusions of law. The Court failed to find any extrinsic fraud or official mistake, found the bill of review was filed more than four years after the discovery of the alleged fraud, and ruled that all issues raised in the bill of review are barred by *res judicata*. Pelloat appealed to this Court.

**Bill of Review**

A bill of review is an equitable, independent action brought by a party who seeks to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A bill of review petitioner who participated in the trial must plead and prove: (1) a meritorious ground of appeal exists, (2) that the party was prevented from presenting in a motion for new trial or an ordinary appeal by the fraud, accident, or wrongful act of the opposing party, or by an official mistake or misinformation, and (3) that was unmixed with any fault or negligence of the petitioner. *Petro–Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex. 1974). To establish the first element, a meritorious ground of appeal is one

that probably would have caused the judgment to be reversed had it been presented to the appellate court. *Id.* at 245–46. Regarding the second element, a bill of review may be predicated on the trial court clerk's failure to send the required notice. *Id. at* 245; *see also* Tex. R. Civ. P. 306a.3. Regarding the third element, a party's failure to pursue a direct appeal when one is available is negligence. *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004). Furthermore, the bill of review petitioner must show that he diligently pursued all adequate legal remedies. *Petro-Chem.*, 514 S.W.2d at 245–46. Availability of a legal remedy precludes relief by bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980).

## Arguments on Appeal

In five issues, Pelloat contends: (1) the trial court abused its discretion in the course of the divorce case, the subsequent QDRO proceeding, and the bill of review; (2) the divorce decree must be set aside because of extrinsic fraud; (3) the divorce decree must be set aside due to official mistake in failing to provide notice of judgment and the QDRO must be set aside due to official mistake in applying the formula for dividing his pension; (4) the divorce decree and the judgments nunc pro tunc are void because Pelloat was not present and he was not notified that they had been signed; and (5) Pelloat was deprived of due process through official antagonism and bias against Pelloat throughout the divorce proceedings.

5

## Abuse of Discretion

As the petitioner, Pelloat bore the burden to plead and prove that a meritorious ground of appeal exists. *See Petro-Chem,* 514 S.W.2d at 245–46. In his brief in this appeal from the denial of the bill of review, Pelloat identifies several errors from the divorce proceedings.[1] However, Pelloat failed to offer evidence relevant to support the elements necessary to entitle him to a bill of review. It was his burden to prove that he had a meritorious ground for an appeal. *See id.* Typically, that burden is met by producing the clerk's record and the reporter's record from the original trial. *Id.* at 246. Likewise, Pelloat complains of errors he claims occurred in the QDRO trial,[2] but no record of the QDRO proceedings was admitted into evidence in the bill of

---

[1] Pelloat complains that the trial court held an ex parte hearing on July 1, 2009, ignored Pelloat's request for discovery, denied Pelloat's request to have counsel appointed to represent him in the divorce, forced Pelloat to wear jail clothes and shackles during the jury trial, rendered judgment for exemplary damages on a jury verdict when no actual damages were proved, awarded Bolenbaucher a home that Pelloat inherited from his mother and deeded to Bolenbaucher, awarded a disproportionate percentage of the community estate to Bolenbaucher in addition to rendering judgment on a jury verdict for tort damages, engaged in an ex parte conversation with Bolenbaucher's counsel during the trial, and admitted Bolenbaucher's exhibit showing an improper application of the formula for dividing retirement benefits but excluded Pelloat's exhibit showing the proper application of the formula.

[2] Pelloat argues the trial court threatened to remove Pelloat from the courtroom when he attempted to obtain a clarification regarding the number of years used in the calculating the retirement division and had an improper ex parte communication when the trial court asked Bolenbaucher's attorney to send Pelloat a copy of the order.

review hearing. *See id.* Pelloat failed to support his bill of review allegations with evidence of a meritorious ground for an appeal. *See id.*

A few of the complaints presented in Pelloat's first issue concern procedural matters that arose in the bill of review proceeding.[3] These complaints are not supported by the record, which fails to show that any improper ex parte communication occurred, that a motion for an injunction was filed and presented to the trial court for a ruling, or that the trial court deprived Pelloat of an opportunity to prove the allegations contained in the bill of review. We overrule issue one.

### Extrinsic Fraud and Official Mistake

In issues two and three, Pelloat contends he was prevented from perfecting a timely appeal by the fraud, accident, or wrongful act of the opposing party, or by an official mistake or misinformation. *See Petro-Chem,* 514 S.W.2d at 245–46. In his bill of review, Pelloat alleged that he received a copy of the proposed decree in February 2011, but he was deprived of his right to appeal because Bolenbaucher's attorney failed to comply with his duty to deliver a copy of each judgment to Pelloat,

---

[3] Pelloat suggests the judge or a court employee may have told Bolenbaucher's attorney not to appear at the scheduled time for a hearing, complains that the trial court ignored his motion to enjoin the sale of an asset awarded to Bolenbaucher in the decree, complains that the trial court converted the trial setting into a thirty minute hearing, and complains that the trial court denied the bill of review instead of setting the case for trial.

and the trial court clerk failed to notify Pelloat that the decree was signed on April 25, 2011. *See generally* Tex. R. Civ. P. 21a(a), 306a.3.

To be entitled to relief through a bill of review, Pelloat had to plead and prove that his failure to timely appeal was unmixed with any fault or negligence of his own. *See Petro–Chem.*, 514 S.W.2d at 245–46. In the divorce appeal, the trial court found that Pelloat acquired actual notice that a judgment had been signed on July 11, 2011. *Pelloat I*, 2012 WL 5954114, at *1. Pelloat filed a notice of appeal more than ninety days after he obtained actual notice that a divorce decree had been signed and learned the trial court had signed the July 11, 2011 judgment nunc pro tunc. *Id.*

Texas Rule of Civil Procedure 306a provides a legal remedy for a party who has not received notice of a judgment within twenty days to calculate post-judgment deadlines from the date the party received notice of the judgment, provided that date is no more than ninety days after the original judgment was signed. *Brooks v. Office of Attorney Gen. of Tex.*, No. 03-06-00678-CV, 2008 WL 2388025, at *2 (Tex. App.—Austin June 11, 2008, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 306a.4. A trial court may deny a bill of review where the petitioner learned that a judgment has been signed within the time for obtaining relief under Rule 306a but failed to pursue that remedy in a timely fashion. *Brooks*, 2008 WL 2388025 at *2. Furthermore, issues that have already been litigated or could have been litigated in

8

the trial court cannot be re-litigated in a bill of review. *See Boaz v. Boaz*, 221 S.W.3d 126, 131–32 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The date on which Pelloat received notice that a judgment had been signed was litigated in the original action. Because Pelloat failed to plead and prove that his failure to timely perfect an appeal from the divorce decree was unmixed with his own negligence, the trial court did not err by denying the bill of review. We overrule issues two and three.

## Void Judgments

In issue four, Pelloat complains that the divorce decree and the judgments nunc pro tunc were signed in his absence and without notice to him when they had been signed. Citing Texas Rule of Civil Procedure 124, he contends the judgments are void. *See generally* Tex. R. Civ. P. 124. Rule 124 allows a judgment to be taken against someone who appears in the case. *See id.*; *see also* Tex. R. Civ. P. 120. Pelloat appeared in the divorce suit and participated in the trial. The clerk's failure to mail the postcard notice does not render the judgment void. *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 637 (Tex. 1974). We overrule issue four.

## Due Process

In issue five, Pelloat contends that he is entitled to relief on his bill of review because in the divorce suit, Bolenbaucher's attorney failed to serve him with a copy of each judgment at the time it was presented to the trial court. He argues he has

been unconstitutionally deprived of his property and that the divorce decree should have been set aside in the bill of review proceeding because he was deprived of notice of judgment and because he did not receive adequate advance notice of telephone hearings during the divorce and QDRO proceedings.

Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). However, a bill of review must be filed within four years of the rendition of the judgment unless the period is tolled by extrinsic fraud, in which case the four-year limitations period begins to run when the litigant knew or should have known about the judgment. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275, 277 n.16 (Tex. 2012). The trial court concluded that Pelloat failed to meet his burden of proof and that he failed to file his petition within four years of the date Pelloat alleged that he discovered the alleged fraud in the divorce case. Pelloat alleged that he obtained copies of the judgments on August 24, 2011, but he waited to file a suit challenging the judgments until October 16, 2015. Because Pelloat failed to file a separate suit directly attacking the judgment within four years of the date he alleged that he discovered the judgment had been signed, the trial court did not err by denying the bill of review. We overrule issue five and affirm the trial court's judgment denying a bill of review.

10

AFFIRMED.

                                          _____

                                                  CHARLES KREGER
                                                      Justice

Submitted on April 10, 2018
Opinion Delivered May 24, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.