**Grant and Opinion Filed November 29, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00793-CV**
**No. 05-22-00794-CV**

**IN RE ALEJANDRINA LOPEZ, Relator**

**Original proceedings from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. DF-21-11690, DF-22-04960**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Alejandrina Lopez (Wife) brings original proceedings seeking writs of mandamus ordering the trial court to vacate its order on real party in interest Cirilo Lopez's (Husband's) petition for bill of review that set aside the divorce decree and granted a new trial. Wife brings four issues contending the trial court abused its discretion by (1) granting Husband a new trial after the trial court's plenary jurisdiction had expired; (2) "fixing" the date of Husband's notice or knowledge of the divorce decree on a date not supported by the evidence; (3) considering the petition for bill of review as a motion for new trial; and (4) granting the bill of review when Husband had not exhausted his other legal remedies. We conclude the trial

court erred by setting aside the divorce decree and ordering a new trial. We conditionally grant the petitions for writ of mandamus, and we order the trial court to vacate the order and to reinstate the divorce decree.

## BACKGROUND

According to Husband's sworn statements in his petition for bill of review, Wife sued Husband for divorce in 2021. Before Husband answered, Wife told him she had nonsuited the divorce proceedings and that he did not need to do anything. Based on Wife's assurances, Husband did not file an answer. The parties continued to live together with their children as a family. However, Wife had not nonsuited her divorce petition but continued to pursue the divorce.

On December 28, 2021, the trial court signed the divorce decree. The decree states Wife and her attorney "appeared by submission" but that Husband "failed to file an answer and wholly made default." The decree states, "The record of testimony was preserved by affidavit filed with the Court." The decree awarded the parties' home to Wife and provided her the exclusive right to designate the children's primary residence. The decree provided the standard possession order and required Husband to pay child support of $750 per month. The trial court mistakenly docketed the decree as an agreed judgment and did not send notice of the decree to Husband.

According to Husband's statements in the petition for bill of review, on February 16, 2022, fifty days after the signing of the divorce decree, Husband and

–2–

Wife were applying for health insurance for their children, and the form required disclosure of child support. Wife handed Husband a copy of the divorce decree. According to Husband, this was the first time he learned that Wife had continued to pursue the divorce proceedings and had obtained a divorce decree.

On March 31, 2022, ninety-three days after the trial court signed the divorce decree and forty-three days after the date Husband learned of it, Husband filed a petition for bill of review. The petition for bill of review received a cause number different from the divorce proceeding. In the petition, Husband prayed for, amongst other relief, a new trial in the divorce proceeding.

On June 1, 2022, the trial court held a hearing on the petition for bill of review. During the hearing, the trial court stated the court would treat the petition for bill of review as a motion for new trial. The court told the parties that the latest date of notice allowed under Rule 306a(4), the ninetieth day after the divorce decree, was March 28, 2022, which would allow the court to grant a new trial. The same day, the trial court issued an unsigned "Memorandum Ruling" stating:

> No notice of default judgment sent. Respondent [Husband] received actual notice of it more than 20 days after it was signed. Date of notice fixed at March 28, 2022. Bill of Review heard as Motion for New [T]rial and granted.

> Additionally, the court finds that the evidence doesn't support judgment of just and right division and default judgment entered by mistake. Judgment set aside.

On June 2, 2022, Husband filed in the divorce proceeding a notice of restricted appeal.[1] *See* TEX. R. APP. P. 26.1(c), 30; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013.

On June 6, 2022, the trial court signed "Order on Bill of Review and Motion for New Trial." The order listed the cause numbers for both the divorce proceeding and the bill of review proceeding and ordered "that the motion is GRANTED and a new trial is GRANTED and the Final Decree of Divorce dated December 28, 2021 is set aside."

Wife then filed petitions for writ of mandamus referencing the trial court cause numbers from the divorce proceeding and the bill of review proceeding. Wife contends the trial court abused its discretion by granting the bill of review, setting aside the divorce decree, and ordering a new trial. Wife asserts that the order granting a new trial is void and that she does not need to demonstrate an inadequate remedy by appeal.

## MANDAMUS

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819,

---

[1] We dismissed the appeal as moot on July 22, 2022, after the trial court ordered a new trial, but we vacated that opinion and judgment on September 19, 2022. That appeal remains pending before this Court.

820 (Tex. 2009) (orig. proceeding) (per curiam).  A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.  *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  When the trial court issues a void order, a relator need not show the absence of an adequate appellate remedy.  *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## ORDER GRANTING NEW TRIAL

In her first issue, Wife contends the trial court abused its discretion by granting a new trial after the court's plenary power had expired.  In her second issue, Wife contends that the trial court abused its discretion by "fixing" the date of Husband's notice of the divorce decree at March 28, 2022.

Generally, a trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d).  A party usually has thirty days after the judgment is signed to file a motion for new trial.  *Id.* 329b(a).  If a motion for new trial is timely filed, the trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled." *Id.* 329b(e).

If a party first receives notice or knowledge of the judgment more than twenty days but within ninety days after the judgment is signed, then the period for filing a

motion for new trial or similar postjudgment motions begins on the date of notice or knowledge. *Id.* 306a(4). The party asserting lack of notice or knowledge of the judgment "is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id.* 306a(5). For purposes of the trial court's jurisdiction to grant a new trial, the trial court is not required to make an express finding of the date on which the party and its attorney received notice or knowledge of the judgment;[2] and if the trial court grants a new trial, "the finding may be implied from the trial court's judgment, unless there is no evidence supporting the implied finding or the party challenging the judgment establishes as a matter of law an alternate notice date." *In re Lynd Co.*, 195 S.W.3d 682, 686 (Tex. 2006) (orig. proceeding).

If no timely postjudgment motion is filed, the trial court's plenary power expires thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). Judicial action taken after the trial court's plenary power expires is a nullity and renders the action void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam).

---

[2] *Cf.* TEX. R. APP. P. 4.2(c) (requiring trial court to make finding of date of party's or its attorney's notice or actual knowledge of judgment).

A petition for bill of review seeks to set aside a judgment that is no longer appealable or subject to a new-trial motion. TEX. R. CIV. P. 329b(f); *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.). It is an independent, separate cause of action filed under a cause number that is different from the attacked judgment. *McCoy*, 2018 WL 5993547, at *2. The petition for bill of review must be brought in the same court that rendered the judgment being attacked. *Id.* A petition for bill of review may be treated as a motion for new trial when it is filed within the time for filing a motion for new trial. *In re Boshears*, No. 09-10-00187-CV, 2010 WL 2347087, at *1 (Tex. App.—Beaumont June 10, 2010, orig. proceeding) (mem. op.).

In this case, Husband's pleading was styled "Original Petition for Bill of Review," but the trial court stated during the hearing and in the unsigned Memorandum Ruling that the petition for bill of review would be treated as a motion for new trial and that the court would grant a new trial. It appears the trial court also treated the petition for bill of review as a Rule 306a(5) motion for extending the time for filing postjudgment motions.

Assuming for purposes of this mandamus proceeding only that the trial court could—and did—treat the petition for bill of review as a combined Rule 306a(5) motion and motion for new trial, we consider whether the trial court abused its discretion by "fixing" the notice-of-judgment date at March 28, 2022, and by granting a new trial.

The trial court did not expressly admit any evidence at the hearing, but we will presume for purposes of this proceeding that the trial court took judicial notice of the sworn factual allegations in the petition for bill of review.[3] In this case, the only indication of when Husband learned of the divorce decree was the sworn statement in the petition for bill of review that Husband first learned of the divorce decree when Wife handed him a copy of it on February 16, 2022. The trial court, however, stated in the unsigned Memorandum Ruling, "Date of notice fixed at March 28, 2022." No evidence, statement, or inference, express or implied, supports finding, or "fixing," the date of notice at March 28, 2022. Instead, to the extent that the record may contain any evidence of a date of notice, that date is February 16, 2022.

If we disregard the Memorandum Ruling's statement that March 28, 2022, was the date of notice and instead imply the date of notice from the trial court's decision to grant a new trial, then the court had to have found the date of notice was no more than thirty days before Husband filed the March 31, 2022 petition for bill of review, that is, March 1, 2022. However, no evidence supports any date of notice other than February 16, 2022. Husband's response to the petition for writ of

---

[3] Because the facts alleged in Husband's petition for bill of review do not permit the trial court to grant a new trial, we need not determine whether the trial court could order a new trial based solely on the sworn allegations in the petition for bill of review.

–8–

mandamus does not explain how the record supports any date of his notice of the divorce decree other than February 16, 2022.

The only date supported by the record for Husband's notice of the divorce decree was February 16, 2022. Husband had thirty days after that date to file a motion for new trial. *See* TEX. R. CIV. P. 329b(a). Therefore, Husband had to file a motion for new trial by March 18, 2022, to extend the trial court's jurisdiction. *See id.* 329b(a), (d), (e). Husband filed his petition for bill of review, which the trial court treated as a motion for new trial, on March 31, 2022, forty-three days after the record shows Husband received notice of the divorce decree. By this time, the trial court's plenary power had expired, and the trial court could not consider the petition for bill of review as a motion for new trial.

We conclude the trial court abused its discretion by (1) "fixing" the date of notice at March 28, 2022, and (2) granting Husband a new trial based on the court's treating the petition for bill of review as a motion for new trial after the court's plenary power had expired. Mandamus is proper if a trial court issues an order beyond its jurisdiction. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. The trial court's order granting a new trial was void, and Wife does not need to establish a lack of an adequate appellate remedy. *See id.*

We sustain Wife's first and second issues. We order the trial court to vacate its June 26, 2022 order in the divorce proceeding, cause number DF-21-11690,

–9–

vacating the divorce decree and granting a new trial.  We need not address Wife's third issue.

## BILL OF REVIEW PROCEEDING

In her fourth issue, Wife contends the trial court erred by granting Husband's petition for bill of review.[4]  To be entitled to relief in a bill of review proceeding, the party seeking the bill of review must show its failure to file a motion for new trial or notice of appeal was not due to any fault or negligence of the party or its counsel. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974); *Martinez v. Martinez*, No. 13-11-00542-CV, 2013 WL 593841, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 14, 2013, pet. denied) (mem. op.).  A party's failure to exercise due diligence by using Rule 306a(4) and (5) when that rule would apply to extend the deadline for filing a motion for new trial or notice of appeal establishes the party's fault or negligence. *In re Tex. Real Estate Comm'n*, No. 04-17-00379-CV, 2018 WL 521576, at *5 (Tex. App.—San Antonio Jan. 24, 2018, orig. proceeding) (mem. op.) (trial court abused discretion by granting bill of review and

---

[4] It appears Wife raises this issue out of an abundance of caution in the event the trial court purported to grant the petition for bill of review.  The order was originally styled "Order on Motion for New Trial," and the trial court made handwritten revisions so the style is "Order on Bill of Review and Motion for New Trial."  The order originally listed the cause number for only the divorce proceeding, but the trial court handwrote the cause number for the bill of review proceeding.  The order states, "the Court heard the Motion for New Trial of [Husband].  IT IS ORDERED that the motion is GRANTED and a new trial is GRANTED and the Final Decree of Divorce . . . is set aside."  No document styled "motion for new trial" was filed, so the only "motion" before the court was the petition for bill of review, and the order states, "the motion is GRANTED."  By adding the cause number of the bill of review proceeding to the order, it appears the trial court intended to "grant" the petition for bill of review, at least to the extent of setting aside the divorce decree and ordering a new trial.

setting aside default judgment because party "did not seek an extension of time to file a motion for new trial under Rule 306a" and therefore "failed to establish due diligence in pursuing his available legal remedies."); *Schnitzius v. Koons*, 813 S.W.2d 213, 218 (Tex. App.—Dallas 1991, orig. proceeding) ("One with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review.").

In this case, Husband admitted in his petition for bill of review that he received notice of the divorce decree on February 16, 2022, fifty days after the trial court signed the divorce decree on December 28, 2021. Because this date was between twenty and ninety days after the divorce decree, Husband could have filed a motion under Rule 306a(5) extending the time to file the motion for new trial to thirty days after he received notice on February 16, 2022, that is, March 18, 2022. Because Husband presented no evidence that he sought to have the divorce decree set aside before he filed his petition for bill of review on March 31, 2022, forty-three days after he received notice of the divorce decree, he failed to establish due diligence in pursuing his available legal remedies. Therefore, based on the record before us, he is not entitled to relief through a bill of review. *In re Tex. Real Estate Comm'n*, 2018 WL 521576 at \*5. The trial court's order in the bill of review proceeding effectively entered a void order granting Husband a new trial.

"If a trial court improperly grants a petition for bill of review and thereby effectively enters a void order granting an untimely motion for new trial, mandamus

–11–

will lie." *Schnitzius*, 813 S.W.2d at 218. We conclude the trial court abused its discretion by granting the bill of review and setting aside the divorce decree. Because, as discussed above, the trial court lacked jurisdiction to set aside the divorce decree, Wife does not have to show lack of an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

We sustain Wife's fourth issue. We order the trial court to vacate its order in the bill of review proceeding, cause number DF-22-04960, setting aside the divorce decree and ordering a new trial.

## CONCLUSION

We conditionally grant Wife's petitions for writ of mandamus, and we order the trial court within thirty days of the date of this Court's opinion to vacate its order signed June 6, 2022, in cause numbers DF-21-11690 and DF-22-04960 granting a new trial and setting aside the final decree of divorce dated December 28, 2021, and we order the trial court to reinstate the December 28, 2021 final decree of divorce.


/Lana Myers//

220793f.p05           LANA MYERS
220794f.p05           JUSTICE

–12–