COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN FOX, | § | |
| | | No. 08-08-00092-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 6 |
| CITY OF EL PASO, THOMAS | § | |
| MAGUIRE, WILLIAM STERN, MARIO | | of El Paso County, Texas |
| D'AGOSTINO, SAM JARVIS, AND | § | |
| JOHN DOE(S), | | (TC#2003-4386) |
| | § | |
| Appellees. | | |

**O P I N I O N**

John Fox, appearing *pro se*, appeals from an order dismissing his suit against the City of El Paso, Thomas Maguire, William Stern, Mario D'Agostino, Sam Jarvis, and John Doe(s). Finding no error, we affirm.

**FACTUAL SUMMARY**

Appellant (Fox) filed his original petition on October 2, 2003 alleging that the City of El Paso, and the named employees of the City of El Paso committed various torts or intentional torts. These torts included trespass, illegal search, and negligence in connection with Appellees' utilization of various municipal codes. Appellees filed their first amended answer accompanied by a plea to the jurisdiction of the court. Pertinent to the matters raised on appeal, it invoked sovereign immunity, and another contention that Fox had failed to comply with the Texas Local Government Code regarding judicial review condemnation actions thereby causing the court to lack subject-matter jurisdiction regarding Fox's claims.

A hearing was held on Appellees' plea to the jurisdiction. The court issued a judgment granting the plea to the jurisdiction.

**DISCUSSION**

Fox asserts the following issues:

1. Is dismissal with no explanatory opinion valid?

2. How can a cause of action be considered dismissed when it was by style of the order (by inaccuracies and consolidated status) undismissed?

3. Are there now, by legally relevant appearances; no jurisdictional limitations, to cause of actions?

4. Are public officials subject to due process requirements?

5. Do the Courts have an unbiased obligation to prevent abusive opposing representation by prohibiting tax paid representation to Texas public officials civilly accused by official abuse victims in pro se and not applying standards of professional integrity to opposing counsel, efforts to take disastrously unfair advantage of pro se inexperienced ignorance?

6. Does the court's unbiased obligation to enforce effective assistance of counsel include allowing litigants in *pro se* (for lack of legal assistance availability) no provision for unlicensed legal help in attempting to access justice nor allow any procedural preference for the ineffectiveness of the helpless pro se litigant?

7. Can intervention access to justice be discretionarily denied without cause of hearing?

8. As the professional opposition seems to assert, and exhibited by dismissals; are court justiciability requirements and judicial review no longer applicable to likely cases of official abuse?

Initially, we must address Appellees' contention that Fox has waived his issues on appeal because Fox has failed to provide this Court with an adequate discussion of the facts and authorities to maintain an argument. We agree.

The Texas Rules of Appellate Procedure require that appellate briefs "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i); *Wil-Roye Inv. Co. II v. Washington Mut. Bank, F.A.*, 142 S.W.3d 393, 411 (Tex.App.–El Paso 2004, no pet.).

In this instance, as Fox is appealing from the granting of Appellees' plea to the jurisdiction, Fox must allege facts that affirmatively establish subject-matter jurisdiction, and if the case is dismissed on that basis, he must, on appeal, attack all independent grounds that fully support the adverse trial ruling. *Fox v. Maguire,* 224 S.W.3d 304, 307 (Tex.App.–El Paso 2005, pet. denied). If an appellant fails to do so, the reviewing court must affirm.

With the possible exception of Issue No. Six,[1] Fox cites no legal authority, and he does not provide any pertinent legal analysis attacking the court's determination that it did not have subject-matter jurisdiction over the cause.

Fox filed a reply brief in which he raised four new issues apart from those urged in this initial brief. The Rules of Appellate Procedure do not allow an appellant to raise an issue in a reply brief which was not included in his original brief. TEX.R.APP.P. 38.3. Consequently, Fox has failed to preserve these assertions for review. *See Few v. Few*, 271 S.W.3d 341, 347 (Tex.App.--El Paso 2008, pet. denied); *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 620 (Tex.App.--El Paso 2006, pet. denied). Accordingly, all of Appellant's issues are overruled.

## CONCLUSION

We affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

July 22, 2009

Before McClure, J., Rivera, J., and Macias, Judge

---

[1] In this issue Fox cites some authority for his contention the appellate courts must excuse the lack of expertise and experience of *pro se* litigants, and must deal with them more favorably than they would with licensed attorneys in order to avoid the exploitation by such attorneys. However, in order to prevent unfair advantage over litigants represented by counsel, *pro se* litigants in Texas are held to the same standards as licensed attorneys and are required to comply with applicable laws and procedural rules. *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005); *Fox v. Wardy,* 234 S.W.3d 30, 33 (Tex.App.–El Paso 2007, rev. dism'd w.o.j.).