COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| | § | | No. 08-11-00282-CR |
| JODY MAX GOODE, | § | | |
| Appellant, | | | Appeal from the |
| | § | | |
| v. | | | 112th District Court |
| | § | | |
| | | | of Upton County, Texas |
| THE STATE OF TEXAS, | § | | |
| | | | (TC# 10-12-U970-DPO) |
| Appellee. | § | | |

## O P I N I O N

Appellant Jody Max Goode was charged with the first-degree felony offense of possession of a controlled substance with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). A jury found Appellant guilty of possession of a controlled substance, a lesser-included second-degree felony offense. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The trial court assessed punishment and sentenced Appellant to fourteen-years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues on appeal. We affirm.

## BACKGROUND

On August 19, 2010, thirty-one-year-old Appellant was returning to McCamey, Upton

County, Texas from his job in Odessa when he was pulled over for a traffic violation in a residential driveway. Deputy Sheriff Tony Aguilar conducted the stop and later testified about the night of Appellant's arrest. Aguilar testified at trial that while Appellant appeared calm, Appellant's two passengers, twenty-seven-year-old Pedro (Pete) Hinojos Jr. and seventeen-year-old Vivian Sanchez Jr., were extremely nervous and exhibited signs of deceptive behavior that lead him to believe they might have illegal drugs in the vehicle. Aguilar requested Appellant's consent to search the vehicle but did not receive a definite response. He then proceeded to call a K-9 unit to conduct an open-air search. Deputy Sheriff Dusty Kilgore brought a drug-detection dog to the scene and the dog proceeded to alert on the driver's door of Appellant's vehicle. After the K-9 alert, the deputies searched the vehicle and found a bag of marijuana in the backseat tucked into a box of zip-lock bags, a digital scale with a white powdery residue between the driver's seat and the center console,[1] and approximately ten feet away from the passenger's side of the vehicle, they found a bag containing twelve grams of cocaine in the yard of the residence. Deputy Kilgore described the bag of cocaine as looking "fresh," meaning it was not dirty, did not have anything on the sides or on top of it, and appeared to have not been there on the ground for very long. All three occupants of the vehicle were taken into custody and were placed in separate patrol cars while deputies completed the search of Appellant's vehicle and the surrounding area. The youngest passenger, Vivian Sanchez, was first placed in Deputy Aguilar's vehicle, which was equipped with video and audio recording capabilities.[2] While in the patrol vehicle, Sanchez claimed ownership of both the marijuana and the cocaine.

Once it became apparent to the deputies that it was going to take more than an hour for a

---

[1] The scale was submitted for latent print collection but none of the partial prints recovered were of evidentiary value.
[2] The audio portion of the recording from the night of Appellant's arrest is not consistently audible.

2

tow truck to arrive, Sanchez and Hinojos were taken to the county jail and Appellant was transferred to Aguilar's patrol vehicle to wait for Appellant's vehicle to be towed. Deputy Aguilar testified that Appellant appeared to be extremely upset and began banging his head against the window of the patrol vehicle with enough force that he was able to observe the glass "bowing" out. Aguilar instructed Appellant to stop hitting the glass or he was going to have to use pepper spray on him, and he attempted to calm Appellant by talking to him. Appellant then told Aguilar he knew Hinojos and Sanchez were going to Odessa to buy drugs. Appellant said he agreed to take Hinojos and Sanchez to Odessa in exchange for some drugs and was looking forward to using them. Further, he did not know who had thrown the cocaine, but if he did, he would tell Aguilar.

At trial, Appellant's counsel objected to Deputy Aguilar testifying about Appellant's custodial statements, arguing that they were not properly recorded in accordance with Texas Code of Criminal Procedure Article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). The trial court allowed Aguilar to continue testifying and the State to publish excerpts of the recording to the jury because, although Appellant was in custody at the time, his statements were not the product of interrogation. Deputy Aguilar testified that Appellant had stated that Hinojos and Sanchez had asked to ride to Odessa with him on his way to work. Appellant knew that the reason Hinojos and Sanchez were going to Odessa was to pick up marijuana and cocaine and they had offered him gas money and some drugs in exchange for the ride. Deputy Aguilar observed that Appellant seemed upset that drugs were found in his vehicle because Hinojos and Sanchez had told him that they had been unable to acquire any drugs in Odessa and Appellant stated that he had been looking forward to getting high for the first time in seven years. On the second day of Deputy Aguilar's testimony, defense counsel moved to suppress all of the audio of Appellant's statements

3

and requested that the jury be instructed to disregard the portions that already had been published on the grounds that they were made in response to interrogation and without the warnings required by Article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). A suppression hearing was conducted outside the presence of the jury and the trial court ruled that the statements were made voluntarily and denied the motion. At trial, Appellant testified and maintained that he had no knowledge of Hinojos or Sanchez having actual possession of illegal drugs and, when they had asked him if he could obtain drugs for them in Odessa, he informed them he did not know anyone like that. Appellant left Hinojos and Sanchez at a hotel and picked them up at a gas station after his work shift. Appellant testified that he did not see Hinojos or Sanchez engage in any conduct that looked like a drug transaction and stated that he did not have an agreement with them to receive cocaine as payment for the ride. Appellant explained that his statements to Deputy Aguilar referred to receiving marijuana and his contemplation of getting high for the first time in many years. Appellant testified that he was subject to frequent drug tests as a condition of being released on parole less than a year before this arrest, and he mistakenly believed he could smoke marijuana without testing positive the following week. At the conclusion of the trial, the jury found Appellant not guilty of the charged offense but guilty of the lesser-included offense, possession of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). The trial court denied Appellant's motion to set aside the judgment or for new trial. Appellant raises two issues on appeal.

## DISCUSSION

### Sufficiency of the Evidence

In Issue One, Appellant challenges the legal sufficiency of the evidence to support the

4

jury's determination that he unlawfully possessed cocaine, either as a principal or as a party to the offense.

## Standard of Review

When reviewing the sufficiency of the evidence to support a criminal conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010); *Young v. State,* 283 S.W.3d 854, 861 (Tex.Crim.App. 2009). The trier of fact is the sole judge of the weight and credibility of the evidence. *See Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied*, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009). It is the fact finder's role to resolve any conflicts of testimony and to draw rational inferences from the facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). Therefore, when performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, we determine whether the necessary inferences are reasonable based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper*, 214 S.W.3d at 16. We do not overturn a verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991).

## Possession of a Controlled Substance

A person commits the offense of possession of a controlled substance if he, "knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 . . . ." TEX. HEALTH &

5

SAFETY CODE ANN. § 481.115 (West 2010). Possession is statutorily defined as having, "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010). Under the law of parties, a person can be criminally responsible as a primary actor or as a party to an offense. TEX. PENAL CODE ANN. § 7.01 (West 2011). Section 7.01 of the Texas Penal Code provides that, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both" and that "[e]ach party to an offense may be charged with commission of the offense." TEX. PENAL CODE ANN § 7.01 (West 2011). A person is criminally responsible for an offense committed by another if he acted with intent to promote or assist the offense, or if he solicited, encouraged, directed, aided or attempted to aid the other person in committing the offense. TEX. PENAL CODE ANN § 7.02 (West 2011).

## Affirmative Links

Whether or not a person commits the offense of possession of a controlled substance as a principal or as a party, the contraband must be affirmatively linked to the person in such a way that a reasonable inference may arise that the accused knew of the contraband and exercised control over it. *Travis v. State*, 638 S.W.2d 502, 503 (Tex.Crim.App. 1982). Mere presence at the location the contraband was found is not sufficient evidence alone to make a person party to the offense. *Evans v. State*, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006). If the accused is not in exclusive possession of the contraband or control of the place it is found, additional facts and circumstances must be found that affirmatively link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex.App. – El Paso 1995, pet. ref'd); *Musick v. State*, 862 S.W.2d 794, 804 (Tex.App. – El Paso

6

1993, pet. ref'd).

Several non-exclusive factors have been found by courts of appeals to show an affirmative link between the accused and the contraband. *See Cuong Quoc Ly v. State*, 273 S.W.3d 778, 781-82 (Tex.App. – Houston [14th Dist.] 2008, pet. ref'd). These factors include whether: (1) the accused was present when the search was conducted; (2) the contraband was in plain view; (3) the contraband was found in proximity and accessible to the accused; (4) the accused made incriminating statements when arrested; (5) other contraband or drug paraphernalia was present; (6) the accused owned or had the right to possess the place where the drugs were found; (7) the drugs were found in an enclosed place; and (8) the quantity of contraband found. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App. – Houston [14th Dist.] 2005, no pet.); *Lassaint v. State*, 79 S.W.3d 736, 741 (Tex.App. – Corpus Christi 2002, no pet.). The actual number of factors present is not as important as the logical force they have in establishing the commission of the crime. *Evans,* 202 S.W.3d at 162.

**Application**

In its charge, the trial court instructed the jury on the elements of the charged offense and the lesser-included offense, and the law of parties, and explained that it could find Appellant guilty of either offense as a principal actor or as a party. It is undisputed that cocaine and marijuana were found at the scene where Appellant's vehicle was searched and that Sanchez claimed ownership of the drugs. Despite Sanchez's claim of ownership, Appellant could still have been found guilty as a party to the offense. TEX. PENAL CODE ANN. § 7.01 (West 2011); TEX. PENAL CODE ANN. § 7.02 (West 2011). *Torres v. State*, 233 S.W.3d 26, 30 n.2 (Tex.App. — Houston [1st Dist.] 2007, no pet.) (to be found guilty of possession as a party, another person must have

7

actually possessed it).  *See also Lassaint*, 79 S.W.3d at 739 (to establish criminal liability as a party, defendant must have acted with the intent to promote or assist the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person who had possession). According to Appellant, although he had not known his passengers very long, nor had a close relationship with them, he still agreed to take them to Odessa.  The jury also heard Appellant admit that he knew of his passengers' interest in buying cocaine in Odessa and that he expected to receive marijuana as partial payment for providing them transportation to Odessa for that purpose. Appellant argues that his ignorance of the presence of cocaine in his vehicle establishes that he cannot be affirmatively linked to the cocaine his passengers possessed.   We disagree.

The affirmative-links evidence shows that:   (1) Appellant was present at the scene where the cocaine was recovered; (2) the contraband was found in plain view in the front yard outside of the vehicle; (3) the cocaine was found in close proximity to Appellant's vehicle; (4) Appellant made incriminating statements when arrested; (5) digital scales and zip-lock bags commonly used for repackaging drugs were found in the vehicle; (6) Appellant owned and was the person operating the vehicle the scales and bags were found in and where the cocaine was before being thrown into the yard; (7) although the cocaine was found in the yard outside the vehicle, Sanchez admitted that he possessed it inside the vehicle, which was an enclosed area; and (8) the amount of cocaine found, although only twelve grams, was sufficient to warrant a second-degree felony conviction and suggests that it might not have been just for personal use, but could have been repackaged for distribution as well.   TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010); TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).   Additionally, the jury heard evidence that:   the drug-detection dog alerted to the driver's door of the vehicle; the digital scale

was found between the driver's seat and the center console; Appellant knew Hinojos and Sanchez were looking to purchase cocaine and agreed to drive them to Odessa for that purpose; Appellant's custodial statement that he did not know which of his passengers threw the cocaine or else he would tell Deputy Aguilar who it was, acknowledging that it was thrown from the car; and testimony at trial by Appellant's parole officer that marijuana stays in the system for thirty days and cocaine for forty-eight hours, suggesting that Appellant could have possibly been able to pass a drug test within one week of using cocaine.

Deputy Aguilar testified that Appellant seemed to have no prior knowledge of the cocaine or marijuana being in his vehicle and Appellant also testified to his ignorance of the presence of drugs. Appellant argues that this is uncontroverted evidence that he did not act as either a primary actor or a party to the offense of possession of a controlled substance. The jury, which was presented with all of the evidence and heard all of the testimony, had the opportunity to observe the witnesses, judge their credibility and resolve any conflicts of testimony. As fact finder, the jury was permitted to believe or disbelieve any or all evidence when coming to a determination of the verdict. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008); *Evans* 202 S.W.3d at 162. Despite Appellant's claim that he was ignorant of the presence of cocaine in his vehicle, there was sufficient evidence for a rational juror to affirmatively link Appellant to the cocaine and to conclude that he knowingly or intentionally possessed the cocaine at least as a party or as a principal. TEX. PENAL CODE ANN. § 7.01 (West 2011); TEX. PENAL CODE ANN. § 7.02 (West 2011). *Lassaint*, 79 S.W.3d at 739 (a party must have acted with the intent to promote or assist the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person who has possession). Because the evidence was legally sufficient to support the conviction, Issue One

9

is overruled.

## Motion to Suppress

In Issue Two, Appellant contends the trial court erred in denying his oral motion to suppress the recorded oral statements and the testimony regarding them because the statements were products of custodial interrogation made without the safeguards of Texas Code of Criminal Procedure Article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).

## Standard of Review

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to believe or disbelieve any or all of the evidence presented before it. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App. 2011); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002); *Allridge v. State*, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991); *Pace v. State*, 986 S.W.2d 740, 744 (Tex.App. — El Paso 1999, pet. ref'd). We review a trial court's ruling on a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the trial court's application of the law. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000), *citing Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App. 1997). We review the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002); *see State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). We uphold the trial court's ruling if the record reasonably supports it and it is correct under any theory of applicable law to this case. *Amador v. State*, 275 S.W.3d 872, 878-79 (Tex.Crim.App. 2009); *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex.Crim.App. 2008).

**Applicable Law**

**Article 38.22**

Article 38.22, Section 3 of the Texas Code of Criminal Procedure sets forth the requirements for making oral custodial statements admissible at trial and codifies the *Miranda* warnings required to be given prior to custodial confessions. TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005); *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Before an oral statement may be admitted into evidence, the accused must have been warned that: (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; (2) any statement he makes may be used as evidence against him in court; (3) he has the right to have a lawyer present to advise him prior to and during any questioning; (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview at any time. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a) (West 2005). The article also requires that: (1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement; (2) prior to the statement but during the recording the accused is given the warning in Section 2(a)(2) of article 38.22 and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning; (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered; and (4) all voices on the recording are identified. TEX. CODE CRIM. PROC. ANN. art 38.22, §§ 2(a), 3(a)(1)(2) (West 2005).

**Voluntary Statement**

Pursuant to Article 38.21 of the Texas Code of Criminal Procedure, a statement made by

11

the accused may be used as evidence against him if it appears that the statement was made freely and voluntarily without compulsion or persuasion. TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). Whether a confession is voluntary or not is determined by an examination of the totality of the circumstances surrounding its acquisition. *Penry v. State*, 903 S.W.2d 715, 744 (Tex.Crim.App. 1995), *cert. denied*, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). A statement is deemed to be involuntarily given if circumstances show that the defendant's will was overborne by police coercion and is unlikely to have been the product of an essentially free and unconstrained choice by its maker. *Creager v. State*, 952 S.W.2d 852, 856 (Tex.Crim.App. 1997); *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex.Crim.App. 1995). An involuntary statement is inadmissible if it is induced by a promise of some benefit to a defendant, meaning it is positive, made or sanctioned by someone in authority, and of such a character as would likely influence the defendant to speak untruthfully. *See Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App. 1993), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

## Application

We do not find in the record an order made by the trial court of its explicit findings of fact[3] on this issue, therefore, we look to the record of the objection made at trial and the suppression hearing held outside the presence of the jury to determine if an abuse of discretion occurred. *Dixon*, 206 S.W.3d at 590. The parties agree that Appellant was in custody at the time the statements admitted as evidence against him were given. Additionally, it is not in dispute that he had not been given his *Miranda* warnings at the time of the recordings. Appellant maintains on appeal the argument he made at trial and at the suppression hearing, that his statements were the

_____

[3] At the hearing on the motion to suppress the court said, "If the court reporter would be so kind and transcribe this ruling for me so that I can make sure to do an order pursuant to my findings." We find no such order of findings in the record.

product of a custodial interrogation and were not admissible because they failed to adhere to the standards set forth in Article 38.22 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art 38.22, §§ 2(a), 3(a)(1)(2) (West 2005). The State counters that the statements were not a product of interrogation, and Article 38.22 is inapplicable because Appellant made the statements voluntarily. Thus, the State contends the statements were admissible. TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). Deputy Aguilar testified at the suppression hearing that the statements in question occurred after he was attempting to calm Appellant down and prevent Appellant from forcefully banging his head against the window of the patrol vehicle. Specifically, he testified that his statement that "it's better to cooperate with the police," was intended to calm Appellant down and that they should act civilly towards one another. After hearing Deputy Aguilar's testimony at the suppression hearing and watching the video, the trial court found that the discussion was, when taken in context, an attempt by the Deputy to calm Appellant down and not an interrogation. The trial court also noted that Deputy Aguilar told Appellant, "[I] can't promise you anything," when they started their discussion. This statement suggests that there was no promise or benefit suggested for Appellant to keep talking. *Muniz,* 851 S.W.2d at 254. Furthermore, the trial court relied on Appellant's offer in the recording that, "I will offer to tell you what all happened. Check it out. I'm going to lay it all down for you," to determine that Appellant took the initiative in continuing the conversation and made the statements voluntarily. Based on the recordings and the testimony of the only witness called by either party during the motion to suppress hearing, the trial court ruled that the statements made by Appellant were voluntary and admissible as evidence. Having reviewed the record, we conclude that it reasonably supports the ruling of the trial court and adheres to the principles of applicable

13

law.  *Amador*, 275 S.W.3d at 878-79; *Ramos*, 245 S.W.3d at 417–18.  We also conclude no abuse of discretion by the trial court occurred when it overruled Appellant's motion to suppress the recorded oral statements and testimony regarding those statements.  *Amador*, 275 S.W.3d at 878, *Dixon*, 206 S.W.3d at 590.   Issue Two is overruled.

## Attorney's Fees

Appellant did not file a reply brief but instead filed a supplemental brief raising a third issue.  The brief contained a request that this Court delete the special order of the trial court requiring Appellant to reimburse court-appointed attorney's fees.  An appellant may file a reply brief addressing any matter in the appellee's brief.  TEX. R. APP. P. 38.3.  However, a reply brief may not be used to present new issues on appeal.  *Fox v. City of El Paso*, 292 S.W.3d 247, 249 (Tex.App. – El Paso 2009, pet denied).  We do not address this issue because it presents a new issue.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

October 9, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

14