

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00271-CV

**In the ESTATE OF** Johnnie Mae **KING**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2001-PC-1263
Honorable Kelly Cross, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  July 6, 2016

AFFIRMED

Appellant Rowland Martin[1] appeals the probate court's order granting the Bexar Appraisal Review Board's and the Bexar Appraisal District's ("the Bexar Defendants") joint motion to dismiss for lack of jurisdiction.  The trial court's order is affirmed.

## BACKGROUND

In 2001, Martin became the administrator of his grandmother Johnnie Mae King's estate, which included a property located at 244 Henry.  In 2006, following a hearing Martin did not attend, the City of San Antonio Dangerous Structures Demolition Board demolished the improvements at 244 Henry.

---

[1] All references to Rowland Martin are to his capacity as administrator of the King estate and in his personal capacity as an heir.

In 2009, Martin filed an administrative protest before the Bexar Appraisal Review Board. Martin protested the appraised value of the Henry property for the years 2006 through 2009 based on the diminished value created by the 2006 demolition of improvements on the property. On October 23, 2009, the Bexar Appraisal Review Board denied Martin's protest.

On December 16, 2009, Martin filed suit against the Bexar Defendants in probate court to appeal the Bexar Appraisal Review Board's order. The Bexar Defendants filed a joint Motion to Dismiss for Lack of Jurisdiction. Following a hearing, the probate court granted the Bexar Defendants' joint motion to dismiss for lack of jurisdiction without stating a reason. Martin filed a timely appeal of this dismissal.

## ANALYSIS

Proceeding *pro se*, Martin raises six issues on appeal, which this court construes as challenges to the probate court's order granting the Bexar Defendants' motion to dismiss for lack of jurisdiction.

### Standard of Review

Subject matter jurisdiction is essential to the court's power to decide a case. *Texas Ass'n of Bus.*, 852 at 443. A plaintiff bears the initial burden of alleging facts that affirmatively demonstrate the trial court's subject matter jurisdiction over the suit. *Id.* at 446. Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction *de novo*. *Id.*

A motion to dismiss for lack of jurisdiction is the "functional equivalent" of a plea to the jurisdiction. *Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, no pet.). When a trial court does not state the basis for granting a plea to the jurisdiction, the appealing party must negate on appeal all possible grounds that could form the basis of that ruling.

*Fox v. City of El Paso*, 292 S.W.3d 247, 249 (Tex. App.—El Paso 2009, pet. denied); *see Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). If the appealing party fails to negate each ground on which the trial court may have granted the plea to the jurisdiction, an appellate court must affirm. *Fox*, 292 S.W.3d at 249.

### Application

In their motion to dismiss, the Bexar Defendants asserted pleas to the jurisdiction on several grounds. One of the grounds asserted is the probate court lacked subject matter jurisdiction because Martin did not comply with the jurisdictional statutory prerequisites in the Tax Code when he challenged the appraised value of the 244 Henry property.

Property owners are entitled to administratively protest certain actions, such as the determination of the appraised value of the owner's property, to the appraisal review board pursuant to Chapter 41. *See* TEX. TAX CODE ANN. § 41.41(a) (West 2015). Generally, a property owner must file a written notice of protest within thirty days after the owner receives notice of the appraised value of the property. *Id*. § 41.44(a). It is undisputed Martin did not avail himself of his Chapter 41 administrative protest remedies for any of the tax years in question.

Martin instead challenged the appraisals under Tax Code 25.25(c). Tax Code section 25.25 allows a property owner to move the appraisal review board to correct, for any of the five preceding tax years, the inclusion of property that does not exist in the form or at the location described in the appraisal roll. *Id*. § 25.25(c). If the chief appraiser and the property owner do not agree to the correction within fifteen days of the date the motion is filed, a movant under subsection 25.25(c) "is entitled on request to a hearing on and a determination of the motion by the appraisal review board." *Id*. § 25.25(e). "A property owner who files the [25.25(c)] motion must comply with the

payment requirements of Section [42.08] or forfeit the right to a final determination of the motion."[2]  *Id*.

Tax Code section 42.08 generally applies to a suit for judicial review of an adverse appraisal review board determination of the appraised value of the property pursuant to Chapter 41, but section 25.25(e) also requires compliance with section 42.08 before the appraisal review board may determine a correction motion.  *Id*.  Section 42.08 requires that:

> Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal.  The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
>
> (2) the amount of the taxes due on the property under the order from which the appeal is taken.

*Id*. § 42.08(b).  Generally, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed."  *Id*. § 31.02(a).

Subsection (d) of section 42.08 provides an exception to the prepayment requirement of subsection (b) and allows that:

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts ….  If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.  If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

---

[2] Tax Code section 25.26 superseded section 42.08 in 2011.  Martin's protest was filed in 2009, when section 42.08 was the applicable law with regard to payment of taxes as a prerequisite to a correction motion, or protest, pursuant to section 25.25(c).  Therefore, this appeal references section 42.08 rather than the current section 25.26.

*Id*. § 42.08(d). "A property owner may avoid the forfeiture provision by substantially complying with either section 42.08(b) or (d), or some combination of both." *J.C. Evans Constr. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 450 (Tex. App.—Austin 1999, no pet.).

As the party seeking dismissal of the case for lack of jurisdiction, the Bexar Defendants bore the burden to establish Martin did not substantially comply with the prepayment requirements. *Id.* at 449. Tax statutes are construed strictly against the taxing authority and liberally in favor of the taxpayer. *U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 26 (Tex. App.—Houston [1st Dist.] 2011). Statutes designed to relieve a property owner from the harshness of the forfeiture of appeals should be liberally construed to accomplish that purpose. *Id*.

The procedures provided in the Tax Code for adjudication of the grounds of protest are exclusive. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam). "Compliance with the Tax Code is a jurisdictional prerequisite to pursuing judicial review." *Tarrant Appraisal Dist. v. Gateway Ctr. Assocs. Ltd.*, 34 S.W.3d 712, 714 (Tex. App.—Fort Worth 2000, no pet.).

This court must apply the law to the undisputed facts to determine whether Martin substantially complied with either subsection (b) or (d) of section 42.08.

### A. *Substantial Compliance with Section 42.08(b)*

Section 42.08(b) requires a property owner, to avoid forfeiture of his right to file a suit for judicial review, to pay either the lesser of the amount of taxes not in dispute or the current tax liability prior to the delinquency date for the tax year. TEX. TAX CODE ANN. § 42.08(b). Section 42.08(b) does not immediately require full compliance upon filing the suit for judicial review; if a property owner substantially complies, the owner receives a thirty-day grace period to fully comply before the trial court is required to dismiss the action. *Id*. § 42.08(d). Substantial

compliance means the property owner has performed the essential requirements of a statute. *Boze'*, 358 S.W.3d at 27.

If the property owner does not pay any portion of the assessed taxes by the delinquency date, even if some or all of the taxes are later paid after the due date, the property owner has not substantially complied with section 42.08(b). *Evans*, 4 S.W.3d at 451; *see Boze'*, 368 S.W.3d at 27; *see also Cent. Appraisal Dist. of Rockwall Cnty v. Lall*, 924 S.W.2d 686, 690 (Tex. 1996) (stating that a property tax challenger "must tender at least the amount conceded to be owed in order to maintain the action.").

In this case, it is undisputed Martin did not pay any portion of the assessed taxes for the years in question, let alone by the delinquency dates for those years. Martin, however, argues he was not required to prepay any amount of the taxes because section 42.08(b) requires payment of the lesser of the amount not in dispute or the current tax liability. Martin insists the entire amount of the assessed taxes is in dispute, and therefore, the lesser amount under section 42.08(b) is zero.

Martin does not argue no taxes are owed on the property. Rather, he argues the amount assessed by the Appraisal District is incorrect and specifically refers to those taxes assessed on the improvements which were demolished in 2006. Therefore, despite Martin's assertions, the entire amount of the assessed taxes is not in dispute. Accordingly, Martin was not excused from the section 42.08 prepayment requirement for the taxes assessed on the real property located at 244 Henry.

Based on these reasons, this court concludes Martin did not substantially comply with section 42.08(b) because he did not pay any portion of the assessed taxes before the delinquency dates.

*B. Substantial Compliance with Section 42.08(d)*

Section 25.25(c) requires a taxpayer to either pay at least a portion of the assessed taxes before the delinquency date pursuant to section 42.08(b) or file an oath of inability to pay the assessed taxes pursuant to section 42.08(d). TEX. TAX CODE ANN. § 25.25(e). If the taxpayer does not do so, the taxpayer forfeits the right to a final determination of the correction motion. *Id*. If the taxpayer files an oath of inability to pay the taxes at issue, the trial court must determine that prepayment would constitute an unreasonable restraint on the party's right of access to the courts. *Id.* § 42.08(d).

The record shows Martin did not file an oath of inability to pay. Because Martin did not file an oath of inability to pay, Martin did not substantially comply with section 42.08(d).

Accordingly, this court concludes Martin did not substantially comply with section 42.08, which was a prerequisite to the Board determining his correction motions, and "forfeit[ed] the right to a final determination" of the motions. *Id*. Because this court concludes the Bexar Defendants' plea to the jurisdiction was properly granted on this ground, this court affirms. *See Fox*, 292 S.W.3d at 249.

## CONCLUSION

Based on the above reasoning, this court affirms the order of the probate court granting the Bexar Defendants' motion to dismiss for lack of jurisdiction.

Jason Pulliam, Justice