**Affirmed and Opinion Filed December 16, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01194-CV**

**MAETZI MILLER, Appellant**
**V.**
**JEROD W. MILLER, Appellee**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-23-06424**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

Maetzi Miller (Wife) appeals from the trial court's judgment denying her bill

of review. Because Wife failed to make a prima facie showing of a meritorious

ground of appeal in the underlying enforcement action from a final decree of divorce,

we affirm the trial court's judgment.

## Background[1]

Husband and Wife married on August 11, 2017. On March 29, 2020, the trial court signed a Final Decree of Divorce Nunc Pro Tunc (Final Decree Nunc Pro Tunc) between Husband and Wife that both "approved and consented to as to both form and substance." The Final Decree Nunc Pro Tunc provided the following pertaining to the marital residence (the residence), which was in Husband's name:

> IT IS FURTHER ORDERED AND DECREED that [Wife] shall have the right to purchase the property and all improvements located at 2100 Lakeland Dr., Dallas, Texas 75228, Dallas County, Texas on or before September 1, 2020 for $550,000.
>
> If [Wife] fails to purchase the property at 2100 Lakeland Dr., Dallas, Texas 75228, Dallas County, Texas for $550,000 and close on or before September 1, 2020, the property shall remain the sole and separate property of [Husband] and [Wife] waives any interest in the property.

Wife did not challenge this order.

Wife sent Husband a letter on August 27, 2020 indicating her plans to buy the residence and included a real estate contract with a closing date of September 24, 2020. Husband did not respond. Wife failed to purchase the residence and close by the September 1, 2020 deadline.

Wife filed three petitions for enforcement of property division between November 20, 2020 and May 6, 2021. In her second amended petition for

---

[1] The facts, which are well-known to the parties, are taken from the trial court's Findings of Fact and Conclusions of Law and evidence from the July 22, 2022 enforcement hearing on Wife's second amended petition for enforcement of property division, the transcript of which was admitted as an exhibit at the bill of review hearing.

enforcement she alleged Husband "failed to cooperate with [Wife] for the sale of the property to [Wife] as agreed upon and ordered in the final decree." She asked the court to order Husband to refinance or sell the residence within a certain time period.

The trial court heard Wife's second amended petition for enforcement on July 14, 2022. Wife testified she was prepared to purchase the residence, and they discussed her assuming the mortgage, but they never reached an agreement. "We were in the process," but discussions broke down in April 2020. Husband denied any discussions about her assuming the mortgage.

Wife claimed she contacted the Navy Federal Credit Union about financing, but they told her she could not obtain a loan to purchase the residence because she was still an owner. Her only option was to refinance and assume the loan, but she needed Husband's signature or the divorce decree to state she could assume the loan. She asserted she was financially "ready, willing, and able" to buy the residence, but Husband "did not do his part."

Husband testified they discussed her purchasing the residence, and "her plan was to pay cash for the house using money that she was going to receive from her father and other family." He believed the agreement was for her to pay cash, and she would do whatever she needed to procure the money. He acknowledged Wife sent him a purchase contract on August 27, 2020, but he did not respond because the closing date was after September 1, 2020. Wife never provided cash or an approved

home loan to purchase the residence before the closing date. If she had, he would have sold the residence per the Final Decree Nunc Pro Tunc.

The trial court denied Wife's second petition for enforcement of property because she failed to meet the purchase terms of the Final Decree Nunc Pro Tunc. Wife subsequently "approved and consented" as to form and substance an Order Regarding Property Division and Clarification of Final Decree of Divorce Nunc Pro Tunc (Clarification Order). However, the signed proposed order Husband filed with the trial court on September 7, 2022 was titled Agreed Order Regarding Property Division and Clarification of Final Decree of Divorce Nunc Pro Tunc (Agreed Clarification Order). The only change between the two orders, which both parties agreed to, was the addition of "Agreed" to the proposed order filed with the court.

After discovering the changed language, Wife asked Husband's attorney to notify the court not to sign the Agreed Clarification Order. She did not independently contact the court or otherwise file an objection at that time. Despite the court's alleged notification not to sign the Agreed Clarification Order, the trial judge signed it on September 21, 2022.

Wife filed her objections and withdrawal of consent to the Agreed Clarification Order on September 23, 2022. The clerk, unaware that the trial court had signed the Agreed Clarification Order, set Wife's objections and withdrawal of consent for hearing on February 7, 2023 (before a different trial judge). At the

hearing, the parties discovered the trial court signed the Agreed Clarification Order on September 21, 2022.

Because the trial court no longer had plenary power, Wife filed a petition for bill of review alleging a meritorious appeal because the trial court's ruling improperly changed the Final Decree Nunc Pro Tunc, and she had a right to withdraw her consent to the Agreed Clarification Order. On July 10, 2023, the trial court held a hearing on the bill of review. The trial court denied the bill of review on August 3, 2023 and issued findings of fact and conclusions of law. In relevant part, the court concluded:

> [F]or [Wife] to have a meritorious claim regarding the real property, she would need to show facts she was entitled to the property located at 2100 Lakeland Drive. The Final Decree Nunc Pro Tunc states in order for [Wife] to be awarded the home, she needed to ***"purchase and close on the home by September 1, 2020."*** [Wife] failed to do so. Therefore, [Wife] does not have a meritorious claim with regard to the real property and thus, fails to meet the first prong . . . . [and]

> [Wife's] attorney failed to notify the court of her intent to withdraw consent until **after** the order was signed.

Wife appeals the denial of her bill of review.

## Applicable Law and Standard of Review

A bill of review is an independent equitable proceeding to set aside a judgment in a prior suit that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Relief by a bill of review "is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been

–5–

prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam); *Petro-Chem. Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex. 1974). "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Wembley Inv. Co.*, 11 S.W.3d at 927; *McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied).

A party who participated at trial, as Wife did here in the underlying enforcement proceeding, but has been prevented from filing a timely motion for new trial or perfecting a timely appeal, may file a bill of review challenging the trial court's judgment. *Petro-Chem. Transport, Inc.*, 514 S.W.2d at 245. To prevail on such a petition for bill of review, Wife must assert in her petition that (1) she failed to timely file a motion for new trial or otherwise advance an appeal of the trial court's judgment, (2) her failure to do so was caused by an official mistake or by the fraud, accident, or wrongful act of the opposing party, (3) her failure to act was unmixed with any fault or negligence on her part, and (4) she has a meritorious ground of appeal. *Id.*; *Rich v. Cooley*, No. 05-05-00912-CV, 2006 WL 2106715, at *2 (Tex. App.—Dallas July 31, 2006, no pet.) (mem. op.). "A meritorious ground of appeal means a claim that would likely be a successful point of error in the court of appeals." *Id.*; *Thompson v. Ballard*, 149 S.W.3d 161,164–65 (Tex. App.—Tyler 2004, no pet.).

As a pretrial matter, the petitioner must present prima facie proof to support her claims of a meritorious ground on appeal. *Petro-Chem. Transport*, 514 S.W.2d

at 245–46; *Rich*, 2006 WL 2016715, at *2.  "This preliminary showing is essential in order to assure the court that valuable resources will not be wasted by conducting a spurious 'full-blown' examination of the merits."  *Bevering v. Bevering*, 401 S.W.3d 293, 297 (Tex. App.—San Antonio 2013, pet. denied) (quoting *Baker*, 582 at 408).  Whether the meritorious appeal requirement is met at this preliminary stage is a question of law for the court.  *Baker*, 582 S.W.3d at 409.  If a petitioner meets her burden, the court will then conduct a trial on the bill of review petition where the other bill of review elements will be considered.  *Id.*; *see also Bevering*, 401 S.W.3d at 297.

Generally, we review a trial court's bill-of-review ruling for an abuse of discretion.  *Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at *4 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.).  But the determination of whether a bill-of-review petitioner made a prima facie showing of a meritorious ground of appeal is a legal question we review de novo.  *Id.*

Here, the trial court made findings of fact and conclusions of law.  A trial court's fact-findings have the same force and dignity as a jury's answers to jury questions.  *Id.*  A trial court's fact-findings on disputed issues are not conclusive, and, when the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency.  *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).  We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings.

*Cannon*, 2023 WL 1859881, at \*4. Unchallenged findings of fact are entitled to the same weight as a jury's verdict and are binding on an appellate court unless either the contrary is established as a matter of law or no evidence supports the finding. *Id.* (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)).

We review conclusions of law to determine their correctness based upon the facts, but we will not reverse because of an erroneous conclusion if the trial court rendered the proper judgment. *City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012); *Cannon*, 2023 WL 1859881, at \*4.

**Analysis**

In this case, the trial court did not make a pretrial determination as to whether Wife made a prima facie showing of a meritorious ground of appeal, but instead tried all of the bill of review issues together. *See, e.g.*, *Thompson*, 149 S.W.3d at 165; *Cannon*, 2023 WL 1859881, at \*6 ("A separate, pretrial hearing to determine whether a bill-of-review petitioner has prima facie proof of a meritorious ground for appeal is a suggested procedure; it is not required."). Regardless, Wife needed to present prima face proof to support her claim of a meritorious ground on appeal. *Cannon*, 2023 WL 1859881, at \*6. A meritorious ground of appeal means a meritorious claim, whether that claim be a meritorious defense to the cause of action alleged to support the judgment or merely a meritorious basis for modification of the judgment in some respect. *Thompson*, 149 S.W.3d at 165 (citing *McDaniel v. Hale*, 893 S.W.2d 652, 667 (Tex. App.—Amarillo 1994, writ denied)).

–8–

Wife pleaded that her meritorious ground of appeal was, in part, that "the parties' option agreement nowhere required the option to be exercised by all-cash tender; the trial court invented that requirement and unlawfully changed the parties' agreement . . . [and] she was ready, willing, and able to assume the existing indebtedness on the home." Also, "she had an absolute right to withdraw her agreement any time before the court entered judgment, and she did so withdraw her consent." Thus, her appeal would be meritorious because "the court's ruling improperly changed the terms of the parties' option agreement and [Wife] had an absolute right to withdraw any consent given." Accordingly, we limit our review to these arguments. To the extent Wife alleges any other meritorious grounds for appeal in her appellant and reply briefs, we do not address them as they were not raised in her petition for bill of review. *See SRMOF II 2012-1 Tr., U.S. Bank Tr. Nat'l Ass'n v. Alaimo*, No. 02-18-00336-CV, 2019 WL 3955198, at \*5 (Tex. App.—Fort Worth Aug. 22, 2019, pet. denied) (legal theories must be presented to trial court); *Fox v. City of El Paso*, 292 S.W.3d 249, 250 (Tex. App.—El Paso 2009, pet. denied).

## 1. Did the trial court impermissibly add terms to the parties' agreement?

Wife argues she produced evidence she was ready, willing, and able to purchase and close on the residence by assuming the existing mortgage, but Husband's failure to cooperate precluded transfer of the residence. Further, despite the unambiguous language in the Final Decree Nunc Pro Tunc requiring Wife to

–9–

purchase the residence for $550,000 and close on or before September 1, 2020, she argues the trial court impermissibly added an "all-cash requirement" to the agreement that was beyond the court's power.

Texas Family Code section 9.007 states that a "court may not amend, modify, alter, or change the division of property made or approved in a divorce. . . . An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property." TEX. FAM. CODE ANN. § 9.007(a). A review of the record reveals that Wife, through her second enforcement proceeding, seeks to relitigate the divorce proceeding by attempting to add terms to the unchallenged, Final Decree Nunc Pro Tunc entered years ago. That order provided,

> If [Wife] fails to purchase the property at 2100 Lakeland Dr., Dallas, Texas 75228, Dallas County, Texas for $550,000 and close on or before September 1, 2020, the property shall remain the sole and separate property of [Husband] and [Wife] waives any interest in the property.

The order required her to "purchase" and "close" before September 1, 2020. Nothing in the order contemplated her ability to assume the mortgage. Similarly, nothing in the Final Decree Nunc Pro Tunc or the trial court's subsequent findings from the enforcement hearing required an "all cash" offer. Wife simply had to "purchase" the residence and "close" before September 1, 2020.

During the enforcement hearing, Wife's counsel recognized that purchasing a home and assuming the mortgage were not the same. Counsel argued, "We would like the Court to order him to execute the necessary documents for her to purchase

–10–

the house *or* assume the loan and the mortgage, which is probably what needs to be done at this point." However, allowing Wife to assume the mortgage would have impermissibly modified, amended, altered, or changed the Final Decree Nunc Pro Tunc. *See id.*

To the extent Wife continues to argue Husband thwarted her efforts to purchase the residence, she is trying to relitigate the underlying case. In fact, Wife acknowledged during the bill of review hearing that she made the same arguments regarding the residence during the July 14, 2022 enforcement hearing, and the court rejected them. During both hearings, Wife admitted she did not close and purchase on the residence before September 1, 2020, as required by the Final Decree Nunc Pro Tunc.

As one of our sister courts has observed,

> A bill of review does not lie where the facts and issues urged as a defense to the original suit existed and were within the knowledge of the petitioner at the time of trial. Equity cannot be invoked to obtain a retrial of issues that were or could have been presented to the trial court.

*Cannon*, 2023 WL 1859881, at *6–7 (quoting *Thompson*, 149 S.W.3d at 165–66 (citing *Kelly v. Wright*, 188 S.W.2d 983, 986 (Tex. 1945)).

We reject Wife's argument that the trial court failed to address Husband's breach of obligations, which prevented a timely closing of the sale. The trial court, as the sole judge of the witnesses' credibility, was free to believe Husband's testimony that he never agreed for Wife to assume the mortgage. Moreover, Wife did not provide any evidence that Husband was required to do anything under the

–11–

Final Decree Nunc Pro Tunc to assist her in purchasing and closing on the residence. Instead, Wife testified, "I believe that's something people just do." The plain language of the Final Decree Nunc Pro Tunc belies her argument.

Husband provided evidence the Navy Federal Credit Union denied her home loan because of a low credit score on September 10, 2020, and the only sales contract she presented to Husband provided for a closing date after September 1, 2020. As such, the record supports the trial court's finding Wife failed to purchase the residence and close before September 1, 2020. The trial court did not err by denying Wife's bill of review on this alleged meritorious ground of appeal.

**2. Did the trial court err by rendering judgment despite Wife withdrawing her consent to the Agreed Clarification Order?**

Wife next alleges she established a meritorious ground of appeal because she withdrew her consent before the trial court signed the Agreed Clarification Order on September 21, 2020. Husband responds Wife failed to timely communicate any withdrawal of her consent before the trial court signed the order; therefore, her argument fails.

After the enforcement hearing, Wife "approved and consented" to the form and substance of the Clarification Order. However, the signed proposed order Husband filed with the trial court on September 7, 2022 was titled Agreed Order Regarding Property Division and Clarification of Final Decree of Divorce Nunc Pro Tunc. The only change between the two orders was the addition of "Agreed."

On September 10, 2022, Wife's attorney sent an email to Husband's attorney that "We have a problem!" because the submitted order retitled it to "Agreed," which was not the order Wife signed. Her attorney asked Husband's attorney to "cancel it immediately so it can be corrected." Wife indicated she would file an objection or motion to correct the title "if necessary."

Husband's attorney called the clerk on September 12, 2022, and the clerk indicated she could pull the Agreed Clarification Order from the judge's queue. Husband's attorney also told Wife's attorney, "Just to be safe, you should go ahead and file your objections if you feel it is necessary."

The court's September 13, 2022 docket entry states, "Do not sign sending new one. Proposed Order Regarding Property Division & Clarification of Final Decree of Divorce Nunc Pro Tunc." Despite the court's alleged notification not to sign the submitted Agreed Clarification Order, the trial judge signed it on September 21, 2022. Wife filed her objections and withdrawal of consent on September 23, 2022.

A party may revoke her consent to an agreement at any time before judgment is rendered on the agreement. *S&A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995); *Hall v. Hall*, No. 05-16-01141-CV, 2018 WL 1373951, at *1 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op.). A withdrawal of consent must be effectively communicated to the trial court. *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). The proper inquiry is whether the information in the trial court's possession is clearly sufficient

–13–

and of such a nature as to put the court on notice that a party's consent is lacking. *Id.* (concluding trial court was on notice mutual consent was lacking when parties submitted conflicting motions for entry of judgment); *see also e.g.*, *Le Jeune v. Robbins*, No. 10-16-00360-CV, 2021 WL 824991, at *2 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.) (concluding a pleading filed before rendition of judgment that alleges a party's revocation of consent is sufficient to effectively withdraw consent to an agreed judgment).

Wife admits she did not notify the trial court of her intent to withdraw her consent before September 21, 2022; however, she argues Husband's attorney, acting as an intermediary, put the trial court on notice of her intent to withdraw her consent by calling the court on September 13, 2022 and asking the proposed order be removed. We reject Wife's argument. The repudiating party must effectively communicate her withdrawal of consent to the trial court. *Carburante Land Mgmt., LLC v. Hopkins*, No. 07-10-00398-CV, 2012 WL 1970115, at *8 (Tex. App.—Amarillo June 1, 2012, no pet.) (mem. op.) (concluding repudiating party "never effectively communicated its withdrawal of consent to the trial court"); *see also Bacsik v. Tax Rescue II, LLC*, No. 02-23-00374-CV, 2024 WL 3365228, at *4 (Tex. App.—Fort Worth July 11, 2024, pet. filed) (mem. op.); *Markarian v. Markarian*, No. 05-11-01076-CV, 2013 WL 226896, at *2 (Tex. App.—Dallas Jan. 15, 2013, no pet.) (mem. op.) ("[A] party withdrawing his consent must effectively communicate the withdrawal to the trial court."). Wife, as the repudiating party,

failed to do so before the trial court signed the Agreed Clarification Order, and we reject Wife's invitation to conclude an opposing counsel can effectively communicate the other party's withdrawal of consent.

To the extent Wife relies on the docket entry, which states "Do not sign sending new one," we again reject this argument. In general, a docket entry forms no part of the record that may be considered on appeal; it is merely a memorandum made for the convenience of the clerk and the trial court. *Caldwell v. Curioni*, 125 S.W.3d 784, 791 (Tex. App.—Dallas Jan. 7, 2004, pet. denied); *Guyot v. Guyot*, 3 S.W.3d 243, 246–48 (Tex. App.—Fort Worth 1999, no pet.); *see also Founders Acquisition & Merger, Inc. v. Penny*, No. 03-01-00155-CV, 2002 WL 389351, at *2 (Tex. App.—Austin Mar. 14, 2002, no pet.). One reason for not considering docket entries on appeal is that they are inherently unreliable. *Dorrough v. Cantwell*, No. 2-05-208-CV, 2006 WL 2034016, at *3 (Tex. App.—Fort Worth July 20, 2006, pet. denied) (mem. op.).

Here, even assuming the docket entry was reliable, the entry provides no indication that either party was withdrawing their consent to the Agreed Clarification Order. The docket entry merely informed the trial court not to sign it. This vague docket entry was not "clearly sufficient" to put the trial judge on notice of Wife's withdrawal of consent. Accordingly, we cannot conclude the trial judge had actual knowledge Wife revoked her consent to the Agreed Clarification Order before

–15–

signing it on September 21, 2022.  The trial court did not err by denying Wife's bill of review on this alleged meritorious ground of appeal.

## Conclusion

Wife failed to carry her burden of making a prima facie showing of a meritorious ground of appeal, and absent such a showing, Wife was not entitled to an equitable relief by bill of review.  *Cannon*, 2023 WL 1859881, at *7.  We need not address Wife's arguments challenging the other bill of review elements.  Tex. R. App. P. 47.1.  We affirm the trial court's judgment.

231194f.p05

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MAETZI MILLER, Appellant

No. 05-23-01194-CV        V.

JEROD W. MILLER, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-23-06424. Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JEROD W. MILLER recover his costs of this appeal from appellant MAETZI MILLER.

Judgment entered this 16th day of December, 2024.